DONALD L. WHITEHEAD, APPELLANT, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted May 29, 1931—Decided October 19, 1931.

For the appellant, *Robert Carey, Jr.*

For the respondent, *L. Edward Herrman.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present appellant obtained a writ of *certiorari* from the Supreme Court to review the action of the board of public utility commissioners in declaring invalid a consent given by the board of trustees of Ocean Grove to the use of the streets therein by the prosecutor in the operation of auto buses. The theory upon which the board of public utility commissioners acted was that Ocean Grove was not a municipality, but was merely a part of the township of Neptune, and that the granting of the consent by it to the prosecutor to use the streets for the operation of auto buses therein was a nullity, the prosecutor being required first to obtain the consent of the township, and in addition the approval of the board of utility commissioners of that consent. The Supreme Court affirmed the action of the board of utility commissioners.

The contention of the present appellant, both before the Supreme Court and before this court, was and is that Ocean Grove is a municipality and not merely a part of the township of Neptune; that it had authority, under the act creating it, to grant licenses such as that now under consideration, and that licenses granted by it were valid and effective without the approval of the board of utility commissioners.

We consider the contention of the appellant that Ocean Grove is a municipality and not merely a portion of Neptune township, and subject to the jurisdiction of the latter, to be well founded. In the case of *McCran* v. *Ocean Grove,* 96 *N. J. L.* 158, 161, this court declared that the charter of Ocean Grove constituted it a body corporate and politic, and in the later case of *Percello* v. *Ocean Grove,* 100 *Id.* 407, 409, we reiterated that declaration. The statute incorporating The Ocean Grove Camp Meeting Association (*Pamph. L.* 1870, *p.* 397) confers upon that association power to license hacks, cars, omnibuses and other vehicles using the public streets therein. Licenses granted by Ocean Grove, in the exercise of the power thus conferred upon it, prior to the creation of the board of public utility commissioners in 1911 (*Pamph. L., p.* 374), became immediately effective. Whether, after

the enactment of the statute creating the board, and the various amendments thereof prior to that of March 24th, 1926 (*Pamph. L., p.* 226), licenses granted by Ocean Grove became effective without the approval of the board is a matter which, in our opinion, is not involved in the present litigation. And for this reason: The amendment just referred to provides that "the board shall have general supervision and regulation of, jurisdiction and control over, *all public utilities* * * *. The term 'public utility' is hereby defined to include every individual, co-partnership, association, &c., that now or hereafter may own, operate, manage or control within the State of New Jersey any steam railroad, street railway, traction railway, *auto bus,* &c., under privileges granted or hereafter to be granted by the State of New Jersey or by any political subdivision thereof, provided that nothing in this act contained shall be construed * * * to require the approval of the board of public utility commissioners of any municipal consent for the operation of any auto bus heretofore granted and now in effect." By force of this amendment, absolute power is vested in the board of public utility commissioners to regulate and control all public utilities operating under privileges granted by the state *or any political subdivision thereof,* except such buses as were operating at the time of the passage of this amendment under consents theretofore granted and in effect at the time of the enactment of the amendment. An examination of the record shows that the permit, or consent, under which the appellant claims a right to continue the operation of his buses in Ocean Grove was granted by the govening body of that municipality on March 28th, 1929, three years after the adoption of the amendment last referred to. Consequently, the power of the board of public utility commissioners in the present case is not affected by the limitation contained in the second provision of the amendment.

Our conclusion is that the judgment under review should be affirmed, for the reason that the consent, or license, granted by the municipality of Ocean Grove to the appellant did not become effective until it was approved by the board of

public utility commissioners, and that until such approval was obtained the appellant was without any legal right to operate his buses in Ocean Grove. The fact that our conclusion, by necessary inference, disapproves the reasons which led the board of public utility commissioners to refuse to approve the license granted by Ocean Grove does not affect the result, for until such approval is obtained, no matter what the basis of the refusal to grant the approval may have been, the appellant is without legal right to operate his bus line in Ocean Grove.

*For affirmance*—THE CHIEF JUSTICE, PARKER, CAMPBELL, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 10.

*For reversal*—None.