70 N.J. Super. 134 (1961)
174 A.2d 913
ALDRICH WATER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
CLARENCE SPRINKLE, JOHN S. SMATUSIC AND JAMES HYERS, TOWNSHIP COMMITTEEMEN OF JACKSON TOWNSHIP AND THE TOWNSHIP OF JACKSON, A MUNICIPAL CORPORATION, DEFENDANTS, JACKSON WATER COMPANY, A CORPORATION OF NEW JERSEY, INTERVENOR.
Superior Court of New Jersey, Law Division.
Decided October 23, 1961.
*136 Messrs. Steinberg and Steele (Mr. Morton Steinberg, appearing), attorneys for plaintiff.
*137 Messrs. Huber and Mee (Mr. William H. Huber, appearing), attorneys for defendants.
Messrs. Haines and Schuman (Mr. Edward W. Haines, appearing), attorneys for intervenor.
KNIGHT, A.J.S.C.
This suit is one in lieu of prerogative writ instituted by Aldrich Water Company against the Township of Jackson and its individual committeemen. A consent order permitting the intervention of Jackson Water Company as a party defendant was subsequently entered. The matter is now before the court on the following motions: (1) for summary judgment by intervenor; (2) to dissolve a temporary restraint entered against plaintiff; (3) to strike intervenor's answers.
The Aldrich Water Company (hereinafter Aldrich), a corporation of the State of New Jersey, was organized pursuant to the provisions of Chapter 19 of Title 48 of the Revised Statutes. The consent of Howell Township was obtained December 27, 1955, as required by the statute and the company was given a franchise to supply water to designated areas within the township. Thereafter, the franchise was approved by the Board of Public Utility Commissioners of the State of New Jersey in Docket No. 9489, in accordance with R.S. 48:2-14.
By ordinance adopted September 16, 1959, Jackson Township, which is located in Ocean County and abuts Howell Township in Monmouth County, granted Aldrich a franchise to supply water within that municipality. The area to be serviced was limited to:
"All that certain area of the Township of Jackson as shown on a map entitled `Edgewood Park, Jackson Township,' filed in the Ocean County Clerk's Office, D 307, prepared by J.C. Fellows, Engineer."
The area known as Edgewood Park is designated as Lot 13-A of Block 127 and Lot 2 of Block 126 on the Tax Map Sheet *138 No. 10 of Jackson Township and comprises an area of some 87.64 acres.
On April 3, 1961 Aldrich made application to the Jackson Township Committee for an enlargement of its franchised area within the township. A proposed ordinance embodying the extension was submitted with the request and described the additional area as follows:
"All that certain area of the Township of Jackson as shown on a map entitled `Plan for Aldrich Water Company, dated March, 1961, prepared by Stanley B. Peters, Engineer.'"
The area delineated thereon is bounded by the North Branch of the Metedeconk River, Bethel Church Road, New Prospect Road, Bennetts Mills-Hyson Road, Jackson Mills-Lakewood Road, Bartley Road, Hyson Road, Brooks Road and Farmingdale Road. Within this area is the development known as Edgewood Park, the franchised area previously granted to Aldrich. Correspondence between Aldrich and the township committee indicates that three developers, namely, Rogave Brothers, The Kabet Company, Inc. and K.F. Holding Corporation, requested service of their developments, all of which were to be located within the proposed franchise area.
No action was taken by the township committee on the Aldrich application. On May 3, 1961, the Committee adopted a resolution authorizing the organization of Jackson Water Company (hereinafter Jackson) for the purpose of operating a water company within the township. The franchise granted covers an area of some 1,885 acres as shown on a map entitled "Map of Franchise Area of the Jackson Water Company and Jackson Sewer Company" prepared by John C. Fellows, a licensed public engineer and surveyor. Bounded by the North Branch of the Metedeconk River, Bennetts-Mills-Hyson Road, New Prospect Road, Brooks Road and Farmingdale Road, the area encircles the franchised area previously granted to Aldrich.
Thereafter, Aldrich made several requests of the township committee to reconsider its action of May 3, 1961, and on *139 June 9, 1961 indicated that it would extend its service to the developments known as Edgewood Park No. 2 and Kabet Homes, without the committee's consent. However, such action has not been taken.
Aldrich thereafter instituted this suit in lieu of prerogative writ naming the township committeemen, Clarence Sprinkle, John S. Smatusik and James Hyers, and the Township of Jackson as defendants.
In its original complaint plaintiff prays for the following relief:
"WHEREFORE, plaintiff demands that the defendants be required to consent to the laying of plaintiff's pipes and mains in accordance with the request of the plaintiff and the exhibits attached hereto and made a part hereof and that defendants pay plaintiff's costs."
A water company may not lay its pipes and mains in the streets of a municipality without municipal consent. R.S. 48:19-17. Such consent may be ordered given in appropriate circumstances. Hackensack Water Co. v. Ruta, 3 N.J. 139 (1949). However, the statutory scheme is such that a company must have been granted a franchise to service an area before it may demand the necessary municipal consent to the laying of pipe in that area. N.J.S.A. 48:19-1 et seq.; cf. Fogg v. Ocean City, 74 N.J.L. 362 (Sup. Ct. 1907). Since the only franchise plaintiff possesses is the area known as Edgewood Park No. 1, it cannot seek consent under R.S. 48:19-17 for the service of other areas. Consequently, the prayer must be construed as one for an order directing that the municipality grant a franchise to plaintiff for the disputed area, which the court cannot do. The grant or denial of such a franchise, as opposed to the consent under R.S. 48:19-17, lies within the discretion of the governing body; for this court to order either action would constitute judicial legislation and as such would be improper. Finn v. Wayne Tp., 45 N.J. Super. 375 (App. Div. 1957).
It may be argued that the grant to Jackson was *140 in effect a denial of the Aldrich request. Cf. Atlantic City Water Works Co. v. Atlantic City, 39 N.J. Eq. 367 (Ch. 1885). The conclusion would nevertheless remain unchanged. Since plaintiff alleges the action was arbitrary and unlawful, a determination of its propriety would involve the question of the advisability of having the services of one company rather than the other in terms of the public necessity and welfare. This then is a matter for the Board of Public Utilities Commissioners. Until approved by that Board the Jackson franchise is invalid. Whitehead v. Board of Pub. Utility Com'rs, 108 N.J.L. 258 (E. & A. 1931). Such approval must be given upon a determination by the Board that the franchise is necessary and proper for the public convenience and properly protects the public interests. R.S. 48:2-14. But in granting its approval the Board may impose such conditions as to construction, equipment, maintenance, service or operation as the public convenience and interests may reasonably require. Ibid. It is apparent that disposition by the court of the challenge of arbitrariness and unlawfulness would involve matters identical to those which the Board will consider in approving or disapproving the Jackson franchise. The jurisdiction of the Board is the result of "legislative recognition that the public interest in proper regulation of public utilities transcends municipal or county lines, and that a centralized control must be entrusted to an agency whose continually developing expertise will assure * * * safe, proper and adequate service by utilities throughout the State." In re Public Service Electric & Gas Co., 35 N.J. 358, 371 (1961). To consider the matter here would be tantamount to voiding the legislative recognition of the utility and necessity of the administrative process. At this stage of the proceeding the proper forum is the Board. Cf. New Jersey Power & Light Co. v. Borough of Butler, 4 N.J. Super. 270 (App. Div. 1949). Thereafter judicial review of its action may be had.
Plaintiff amended its original complaint apparently seeking relief in the nature of a declaratory judgment praying *141 that this court construe R.S. 48:19-21 so as to entitle it as a matter of right to lay its pipes and mains in the streets of Jackson Township. Plaintiff contends that statute empowers it to extend its mains out of Edgewood Park No. 1, its franchised area, and along Aldrich Road for the purpose of servicing the developments mentioned, certain of which are located along that roadway.
The statute reads as follows:
"Every aqueduct or water company organized under this chapter or specially chartered for the purpose of supplying any municipality with water, may extend its mains outside and beyond the corporate limits of such municipality along any highway leading therefrom for the purpose of supplying the dwellers along such highway with water, provided a majority in frontage of the owners of land fronting on the highway, or any portion thereof proposed to be supplied, shall consent thereto in writing."
The title of the act, "Extensions of mains beyond municipality," negates plaintiff's contention. It is operative only in that situation where the persons to be serviced are located along a highway leading beyond the municipality. While Aldrich Road may extend beyond Jackson Township, the property intended to be served is situate therein. And although it may be argued that since Aldrich was originally organized in Howell Township it is merely requesting an extension along Aldrich Road leading from Howell Township into Jackson Township, the statute cannot be held to apply to the factual situation presented. Here Jackson is franchised to service the area within which Aldrich wishes to extend. The construction advanced by plaintiff would create havoc in abutting municipalities served by two or more companies. Cf. Eastern New Jersey Power Co. v. Board of Pub. Utility Com'rs, 6 N.J. Misc. 118, 140 A. 258 (Sup. Ct. 1928). Consideration of affidavits submitted by intervenor with regard to ownership of frontage along Aldrich Road is consequently unnecessary.
Aldrich filed a second amended complaint against Jackson only, seeking injunctive relief restraining Jackson *142 and its agents from (a) interfering in contracts between Aldrich and the three developers; (b) inducing the Township Committee to refuse Aldrich's request for permission to extend its mains to service the three developments; (c) representing itself as a duly franchised water company without approval of the Board of Public Utility Commissioners; (d) demanding that the Jackson Township Planning Board withhold approval of plans of one of the developments until that developer contracts with it for water service. This pleading also contains a count seeking damages against Jackson for interference with a contractual relationship. Suffice it to say the second amended complaint sounds in tort and is not properly the subject of a suit in lieu of prerogative writ. Accordingly, an order to sever the second amended complaint for purposes of trial will be entered.
One matter remains. Subsequent to argument on the motion for summary judgment, intervenor filed a cross-claim (amended at oral argument to read counterclaim) seeking an injunction restraining plaintiff from extending its mains and pipes out of Edgewood Park No. 1. A temporary restraint was entered and plaintiff now moves to dissolve the restraint and to strike the intervenor's answers to the complaint and amendments thereto. This motion is made on the ground intervenor has no standing since its franchise has not been approved by the Board of Public Utility Commissioners. In answer it is sufficient to say plaintiff consented to the order of intervention and that the reasons advanced in support of the motion are equally applicable to it. However, the restraint against Aldrich should be dissolved. Neither Aldrich nor Jackson possesses an approved franchise for the area in dispute. If either should begin laying pipe in that area without approval of the Board of Public Utility Commissioners the other would not be entitled to judicial restraint on the ground that such approval has not been obtained. See Healy v. Sidone, 127 A. 520 (Ch. 1923); Junction Water Co. v. Riddle, 108 N.J. Eq. 523 (Ch. 1931). The proper forum for such relief is the *143 Board which has general jurisdiction over Aldrich with full power to issue and enforce an appropriate order. R.S. 48:2-16; Junction Water Co. v. Riddle, supra.
In accordance with the principles expressed, judgment may be entered (1) denying the relief requested in plaintiff's original complaint, viz., that the township be ordered to consent to the laying of plaintiff's pipes and mains outside its franchised area; (2) declaring R.S. 48:19-21 does not entitle plaintiff to extend its mains outside of Edgewood Park No. 1 and along Aldrich Road; (3) dissolving the temporary restraint heretofore issued; (4) severing the second amended complaint from the prerogative writ proceeding for purposes of trial. Counsel will submit an appropriate order.