111 N.J. Super. 377 (1970)
268 A.2d 342
PLEASANTVILLE TAXPAYERS, THOMAS WILSON, ROY E. DEGAN, THOMAS BURKE, JOHN D. YOUNG, AND ALL OTHERS SIMILARLY SITUATED AS A CLASS, PLAINTIFFS,
v.
CITY OF PLEASANTVILLE, ACKLEY ELMER, TAX ASSESSOR, AND RAYMOND BECKMAN, JR., TAX COLLECTOR, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 27, 1970.
Mr. Morton Feldman for plaintiffs.
*378 Mr. Sheppard A. Guryan for defendants (Messrs. Lasser, Lasser, Sarokin, and Hochman, attorneys).
RIMM, J.C.C. (temporarily assigned).
This matter came before the court on plaintiffs' application for an order to proceed with litigation in the form of a class action, R. 4:32-1 et seq., and for an order permitting them to file one appeal to the Atlantic County Board of Taxation as representative of all of the class of taxpayers in the affected area. Defendants thereupon moved for summary judgment pursuant to R. 4:46-1 et seq., alleging that this court was without jurisdiction to grant the relief sought by plaintiffs and that plaintiffs had failed to exhaust all of their administrative remedies as provided by N.J.S.A. 54:3-21 et seq.
In October 1969 the tax assessor of the City of Pleasantville reassessed all of the real property of Pleasantville. Plaintiffs allege that within the area of Pleasantville bounded by Clematis Avenue, Ridgewood Avenue, Main Street and Ryon Avenue, in which all of them own property, the assessments of each property were approximately doubled.
Plaintiffs have brought this action seeking, by way of the ad damnum clause, the following relief: (1) a writ in the nature of mandamus, ordering defendant tax assessor to reassess all properties in Pleasantville; (2) a writ in the nature of quo warranto and prohibition restraining him from collecting taxes from plaintiffs in any amount greater than the taxes due upon last year's assessments, until the city demonstrates that it had the lawful authority to increase assessments in the manner in which they were increased; (3) damages for each plaintiff in the amount of the 1970 taxes due on that portion of the alleged discriminatory increase; (4) damages in a similar amount for 1971; (5) damages in a similar amount for 1972 and for each successive year until a reassessment is made of each property in the city; (6) an equitable order setting aside the alleged discriminatory tax assessment; (7) an equitable order directing *379 the city to maintain an account record of the taxes paid by each plaintiff, indicating therein the alleged unlawful portion, and (8) an equitable order permitting the named plaintiffs and all other members of the class similarly situated to pursue their administrative remedy under N.J.S.A. 54:3-21 et seq. by filing only one tax appeal for the class on the issues common to the class, with the additional provision that the statutory fee be paid only on the single application rather than on each individual application, and with the further provision that any taxpayer wishing to file an appeal on issues other than those common to the class would be permitted to do so and would be considered both as a member of a class and as an individual pursuing individual arguments.
The prayers, therefore, fall into three categories: (1) those seeking relief in lieu of prerogative writs; (2) those seeking damages, and (3) those seeking equitable relief from this court acting as a court of equity. This court has the jurisdiction to grant the relief sought in all of the prayers as incidental to its powers as a court of law, if the court has jurisdiction over the action in the first instance. Cf. R. 4:69-1 et seq.; Ajamian v. Schlanger, 14 N.J. 483 (1954); Falcone v. Middlesex County Medical Society, 82 N.J. Super. 133 (Law Div. 1964).
N.J.S.A. 54:3-21 provides that
A taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, may on or before August fifteenth appeal to the county board of taxation by filing with it a petition of appeal. A copy thereof shall also be filed with the assessor, clerk or attorney of the taxing district, setting forth the cause of complaint, the nature and location of the assessed property and the relief sought. The petition shall be signed and sworn to by the petitioner or his agent, and shall be in such form and contain such further information as may be from time to time prescribed by rule of the board, for the better understanding and determination of the appeal. *380 An administrative remedy and procedure is thereby provided whereby plaintiffs and any others similarly situated may challenge the assessment as applied to their particular piece of property. A fee is required by N.J.S.A. 54:3-21.3, the exact amount depending upon the valuation of the property. There is no procedure within the applicable statutes authorizing the combining of appeals or the waiver of fees where more than one property is involved and the properties have separate owners.
In J.H. Becker, Inc. v. Marlboro Tp., 82 N.J. Super. 519 (App. Div. 1964), plaintiffs were dissatisfied with the assessments levied on their property and sought new assessments by a proceeding in lieu of a prerogative writ. The Appellate Division determined that such proceedings were not maintainable holding that
the Law Division is not required to entertain this type of action when the gravamen of the complaint is that the assessor is taxing some properties more than they are worth, or properties less than they are worth, or applying a certain per acre value to some lands as contrasted with a different per acre value to other lands. Mere difference of opinion as to whether the assessed values of the respective townships do or not represent 100% of true value does not justify judicial intervention when the Legislature has provided an aggrieved taxpayer with an adequate administrative review.
R.R. 4:88-14 [now R. 4:69-5] provides that proceedings in lieu of prerogative writs under R.R. 4:88 shall not be maintainable, except where it is manifest that the interests of justice require otherwise, so long as there is available administrative review to an administrative agency which has not been exhausted.
Here the facts fall squarely within the bounds of nonintervention suggested by the Appellate Division in J.H. Becker, Inc. Plaintiffs have not exhausted their administrative remedies under the statute. Should they be unsuccessful before the county board of taxation, they may pursue their remedy to the Division of Tax Appeals in the Department of the Treasury. N.J.S.A. 54:2-39. If they remain unsuccessful, the remedy thereafter lies in an appeal to the Appellate Division. R. 4:69.
*381 This position is supported by East Orange v. Livingston Tp., 102 N.J. Super. 512 (Law Div. 1968), cited by both sides herein, where the Court said that
there can be no question that the determinations of the assessors of these taxing districts are appealable to the county board of taxation * * * Under [the rule] the court would ordinarily not be entitled to preempt the county board of taxation in exercising jurisdiction over this controversy in the absence of countervailing circumstances demonstrating forcibly that the "interests of justice" require that administrative remedies be by-passed. [At 519].
Plaintiffs have failed to exhaust all of their administrative remedies prior to coming to this Court. R. 4:69-5. There has been created by the Legislature a special agency to hear appeals from the actions of tax assessors which, regardless of the manner in which the complaint is phrased, is exactly what the plaintiffs complain of in this case. This agency has the special competence to determine matters of this kind, squarely within its jurisdiction. See East Orange v. Livingston Tp.
Plaintiffs contend that Baldwin Construction Co. v. Essex County Board of Taxation, 16 N.J. 329 (1957), relieves them from the requirement of having to exhaust their administrative remedies. There the county board of taxation had ordered the East Orange tax assessor to make specific changes in the valuations of real property which had been made by him. In hearing the normal statutory appeal the board of taxation would have been required to review its own actions in ordering the tax assessor to correct the valuations. Therefore, the Supreme Court found that the administrative process was not a prerequisite to a judicial remedy where the board of taxation would be reviewing its own orders. This is certainly not the present case where the Atlantic County Board of Taxation would be reviewing the actions and determinations of the tax assessor of Pleasantville.
Where the failure to exhaust administrative remedies exists, as here, the court is without jurisdiction to entertain the suit and grant the relief sought therein. Therefore, the *382 question of whether a class action is properly maintainable in such a suit is not ripe for decision and should not be reached under the circumstances present here.
However, plaintiffs have also sought an order from this court allowing them to file one tax appeal in order to determine the proper valuation of all of the approximately 161 properties located in the area of disputed valuations. In view of the determination of the other questions, it is necessary to review this request.
Plaintiffs have been unable to present to this court any authority, decisional or statutory, in or out of New Jersey, to justify such relief. Nor has any authority been independently discovered by this court to justify it. As previously indicated, N.J.S.A. 54:3-21 et seq. establishes the procedure for such tax appeals. This court has not found any authority to permit it to waive compliance with the provisions of these statutes. The court rules relating to class actions, R. 4:32-1 et seq., clearly pertain only to actions in the courts and not to actions in administrative agencies. The widening of the scope of this rule in the 1969 revision did not give it the breadth ascribed to it by the plaintiffs. This is especially true in this case where the circumstances surrounding the valuation of each property may be different and may raise different issues of fact for determination by the county board. For example, the plaintiffs allege that the tax assessor did not visit each property before making his assessment. This may be true as to some properties and may not be true as to others. Each taxpayer must present to the board of taxation the facts as they apply to his property, in order to obtain an individual determination.
Additionally, this court is without the power to waive the statutory fee required for each appeal to the county board. Each appellant must, therefore, pay the required fee for his property.
This finding is without prejudice to a determination by the Atlantic County Board of Taxation to consolidate any of the individual appeals brought pursuant to the statute, *383 under the power of N.J.S.A. 54:3-21 to require such information as is necessary for its determination.
Plaintiffs' applications are denied and defendants' cross-motion for summary judgment is granted.