115 N.J. Super. 85 (1971)
278 A.2d 229
PLEASANTVILLE TAXPAYERS, THOMAS WILSON, ROY E. DEGAN, THOMAS BURKE, JOHN D. YOUNG, AND ALL OTHERS SIMILARLY SITUATED AS A CLASS, PLAINTIFFS-APPELLANTS,
v.
CITY OF PLEASANTVILLE, ACKLEY ELMER, TAX ASSESSOR, AND RAYMOND BECKMAN, JR., TAX COLLECTOR, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1971.
Decided June 7, 1971.
*86 Before Judges SULLIVAN, COLLESTER and LABRECQUE.
Mr. Morton Feldman argued the cause for appellants.
Mr. Sheppard A. Guryan argued the cause for respondents (Messrs. Lasser, Lasser, Sarokin & Hochman, attorneys).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Plaintiffs instituted the present action, seeking relief for themselves and others similarly situated from alleged discriminatory assessments levied upon certain properties located in a nine block area in the City of Pleasantville. They subsequently moved for an order that they be permitted to maintain the suit as a class action, that on behalf of all property owners involved, and upon payment of a single filing fee, they be permitted to file and maintain a single appeal to the Atlantic County Board of Taxation, covering all of the properties within the area. They also moved that defendant city be required to maintain an account record of all taxes paid by each property owner and of the alleged unlawful portion thereof and *87 for other relief. Defendants moved for summary judgment. The latter motion was granted and the additional relief sought was denied. See Pleasantville Taxpayers v. Pleasantville, 111 N.J. Super. 377 (Law Div. 1970).
Plaintiffs thereafter moved for a new trial or, in the alternative, that the order for summary judgment be reopened or set aside on the ground of newly discovered evidence. They also sought leave to amend their complaint and have the matter transferred to the Chancery Division. Their motions were denied and they appeal from the summary judgment in favor of defendants and from the denial of their subsequent motions.
The present action is directed against the reassessment of some 161 parcels of real property located within the nine block area in question. The owners of 128 parcels have authorized the bringing of the present suit. In addition, the owners of 100 (or 103) parcels filed appeals to the county board. What appellants basically seek is to bypass the county board and the Division of Tax Appeals. Alternatively, they seek a mandatory direction from the Law Division requiring those agencies to permit them to test the amounts of the contested assessments by the filing of a single petition, the payment of a single fee and the holding of a single hearing involving all the parcels in question (although the owners of 58 of them failed to appeal to the county board).
The main thrust of plaintiffs' argument appears to be that while the assessments in question are highly discriminatory, the amount of the tax saving to each taxpayer in the event of favorable action on his appeal would be small (approximately $61) and the handling of the matter as a single, class action, either in the Law Division or the administrative tribunals, would result in such a saving of time, manpower and fees as to call for the relief which they seek.
Any taxpayer who is aggrieved by the assessed valuation of his property or because he is discriminated against may appeal to the county board of taxation of the county in *88 which the property is located. N.J.S.A. 54:3-21. Should he be dissatisfied with the decision of the county board upon his appeal he may appeal to the Division of Tax Appeals, N.J.S.A. 54:2-39, where a de novo review is afforded him. In addition, by N.J.S.A. 54:2-35 "any [other] action or determination" by the county board is made reviewable by the Division of Tax Appeals. All actions of the Division are reviewable in the Appellate Division. R. 2:2-3(a)(2).
By the foregoing a full administrative review is made available to any taxpayer who desires to contest the assessment upon his property. The administrative agencies have been held to be especially fitted for the task and to possess the expertise necessary to provide adequate relief. See J.H. Becker, Inc. v. Marlboro Tp., 82 N.J. Super. 519, 529 (App. Div. 1964). Cf. Delaware, Lackawanna and Western R.R. Co. v. Neeld, 23 N.J. 561, 575 (1957). The procedure to be followed in invoking the jurisdiction of both the county board and the Division is a simple one, calculated to facilitate the filing of appeals by small property owners, many of whom appear before the county board without attorneys. All that is required is the completion, filing and service of a simple verified petition (usually a printed form available from the agency) in the case of each parcel whose assessment is challenged. The filing fees are nominal ($1 to $10), depending upon the valuation of the property involved.
Ordinarily the courts will not preempt the jurisdiction of county boards in the absence of countervailing circumstances demonstrating that the interest of justice requires otherwise. R. 4:69-5; Central R.R. Co. v. Neeld, 26 N.J. 172, 178-181 (1958), cert. den. 357 U.S. 928, 78 S.Ct. 1373, 2 L.Ed. 2d 1371 (1958). We find no such countervailing circumstances here. Mere differences of opinion as to whether the challenged assessments are based upon true value do not justify judicial interference. J.H. Becker, Inc. v. Marlboro Tp., supra, 82 N.J. Super. at 529.
Plaintiffs cite Baldwin Const. Co. v. Essex County Bd. of Taxation, 16 N.J. 329 (1954) and Ridgefield Park v. Bergen *89 County Bd. of Taxation, 31 N.J. 420 (1960). We find neither decision to be apposite. In Baldwin the county board had ordered specific corrections and revisions in the tax list of the City of East Orange in an area arbitrarily fixed by the board during the process of revising the assessments pursuant to N.J.S.A. 54:4-46, and had plaintiff been relegated to its administrative remedy the county board would have been reviewing its own acts. In Ridgefield Park v. Bergen County Bd. of Taxation, supra, the court was dealing with an action to compel future compliance by local assessors with the statutory mandate. In Nolan v. Fitzpatrick, 9 N.J. 477 (1953), on which plaintiff also relies, the court was presented with an issue of law, i.e., whether the requisition of the Hudson County Boulevard Commissioners was mandatory upon the county board of freeholders, and it was held that to require determination of that legal question by the administrative agency, subject to further judicial review, would result in useless delay which in the circumstances could not be countenanced. See also Ward v. Keenan, 3 N.J. 298, 302, 308-309 (1949).
We have reviewed the remaining grounds urged by appellants and find them to be without merit. The proceedings for review of tax assessments provided by N.J.S.A. 54:3-21 and N.J.S.A. 54:2-39 comprise an integrated whole, designed to secure a prompt adjudication of disputes involving the valuation and assessment of real property. In general, proceedings before the county board are informal, probably by reason of the fact that any appeal therefrom is a de novo one. Evidence admissible in the Law Division on the issue of value or discrimination would be equally admissible both there and in the Division. The mere fact that a majority of the members of the board may belong to the same political party as the assessor, standing alone, affords no ground for bypassing it.[1] We are given no reason to believe *90 that the members of the board or the Division will not perform their full statutory duty, or that they will not reasonably cooperate with the appealing taxpayers and their counsel in consolidating or listing together appeals involving the same questions of law and fact so as to effect as great a saving of time and expense as possible, consistent with the board's other commitments, in hearing them.
Plaintiffs sought an order from the court below permitting them, alternatively, to pursue their administrative remedy before the county board as a class, upon the filing of but one petition and the payment of but one fee for the 161 properties. The court was without jurisdiction to grant such relief. Appeals to the county board are governed by N.J.S.A. 54:3-21.
The judgment of the Law Division is affirmed.
NOTES
[1] At the oral argument we were advised that the board had already heard and granted some measure of relief as to a number of the appeals filed with it.