CONLEY, J. T. C.
This is an administrative matter involving a filing fee. Five separate plaintiffs filed one complaint with this court. The complaint was in five counts and challenged the 1981 assessments on plaintiffs’ five properties. The properties are in separate ownership and they are not contiguous. The individual assessments on the properties were $529,300, $766,000, $499,100, $544,900 and $720,000. Each assessment had been appealed to the Mercer County Board of Taxation and each assessment was affirmed by the county board in a separate judgment.
Plaintiffs delivered their complaint to the Tax Court on December 3, 1981 with a filing fee of $60. On that date the complaint was marked “Received but not filed” because plaintiffs had presented their complaint without payment of the required filing fee. This is the procedure set forth in i?.l:5-6(c) for the treatment of nonconforming papers. By letter of December 7, 1981 the clerk of the court returned plaintiffs’ complaint and their check for $60 with a letter indicating that “the correct filing fee” was $100, $60 for the first assessment and $10 for each of the next four assessments challenged. The clerk said that if the pleading “is retransmitted and received by the Clerk’s Office, together with the filing fee, within ten days after the receipt date stamped thereon, filing will be deemed to have been made on said date in accordance with Rule l:5-6(c).” Plaintiffs’ attorney returned the complaint and a filing fee of $100 on December 9, 1981.
*635 Plaintiffs’ complaint was routinely scheduled for pretrial conference on June 8, 1982. At the pretrial conference this court stated its view that plaintiffs should have filed five separate complaints because their properties were in separate ownership and were not contiguous. The court also said it thought the appropriate total filing fee for plaintiffs’ five separate matters was $300, $60 for each complaint, rather than the $100 charged by the clerk. At the request of plaintiffs’ attorney, the court included “filing fees” as a legal issue in the pretrial order dictated in open court. At the same time, the court indicated to plaintiffs’ attorney that it would refer the question of filing fees to the Presiding Judge and the Clerk of the Tax Court.
By letter of June 25, 1982 to plaintiffs’ attorney the clerk recounted how the original filing fee had been computed in error and advised plaintiffs’ attorney as follows:
Plaintiffs are actually five separate parties who own properties that are not contiguous. The filing fee should have been $300 based upon the $60 fee times five separate properties. It will be necessary for you to submit an additional filing fee of $200 in order that this matter can be treated as five separate complaints with separate docket numbers assigned to each of five separate captions.
Processing will commence in this office following receipt of the $200 additional filing fee. Your cooperation in this matter will be appreciated.
Not having received a reply to this letter by August 9, 1982, the clerk telephoned plaintiffs’ attorney to inquire as to the status of the matter. Plaintiffs’ attorney asked the clerk to send him another copy of her June 25, 1982 letter so that he could respond to it. She did so the same day. By letter of August 24, 1982 plaintiffs’ attorney responded in writing as follows:
Dear Mrs. Goldsmith:
I am writing with respect to your letter of June 25 in the above matter and our telephone conversation of August 9.
As I indicated in our conversation, the issue of whether the proper filing fee was paid has been set forth in the Pretrial Order in this matter as an issue to be litigated. Accordingly, we do not believe it is proper to insist on the payment of any further filing fee until the issue has been determined and any appeal has become final.
As I indicated to you and to Judge Conley, the filing fee was determined by you at the time the Complaint was filed and determined to be higher than the filing fee for a complaint by one plaintiff. That higher fee as determined by *636 you was paid in full, in part at the time the Complaint was filed and shortly thereafter when you determined that an additional fee was due. Accordingly, it is our position, and will be so asserted with respect to the trial of the fee issue, that with the Complaint filed by you and the fee paid in full as determined by you, there is no basis for any review of the propriety of the fee by the Court on its own motion.
I hope this presents our position clearly for you. Because the fee you charged has been paid in full, we cannot agree that any further processing of this matter should await the filing of any further fee unless and until it is determined at the trial of this action or on any appeal.
Very truly yours,
Garrett M. Heher
Contrary to the assertion of plaintiffs’ attorney that the proper filing fee is an.issue to be litigated, it is a legal issue to be resolved by a reading of clearly-worded statutes and a court rule. Initially, it is clear that a taxpayer who is dissatisfied with the judgment of a county board of taxation must seek a review of that judgment “by filing a complaint with the Tax Court....” N.J.S.A. 54:2-39. See N.J.S.A. 2A:3A-4.1 a. Plaintiffs each obtained a judgment of the Mercer County Board of Taxation and therefore each was required to file a complaint with the Tax Court in order to have its assessment reviewed. Secondly, the Legislature has enacted two provisions regarding filing fees:
Upon the filing or entering of the first paper ... in any action or proceeding in the Tax Court, the plaintiff ... shall pay to the clerk of the court, for use of the state, $60.00 for the first paper filed by him, which shall cover all fees payable therein, except a lesser fee may be provided by rule of court. Other or additional fees may be established by rules of court... . [NJ.S.A. 2A:3A-4.2]
And:
a. Whenever any appeal shall be taken to the tax court pursuant to any law in which provision is made for such appeal, the petitioner shall pay such fee or fees as may be established by law.
c. No appeal shall be heard by the tax court unless the fee or fees as may be established are paid in full.... [N.J.S.A. 2A:3A-28]
Furthermore, R.8:12(a) states very clearly that “[a] fee of $60 shall be paid to the Tax Court upon the filing of a complaint or counterclaim except as hereinafter provided.” The only exceptions to the full $60 filing fee requirement for each contested assessment are in specified circumstances when complaints and *637 counterclaims challenge assessments on separately assessed, contiguous properties in common ownership. R.8:12(c). The reason for the exceptions is to consolidate cases involving the same economic unit. The present matter does not fall within any of the exceptions.
Plaintiffs seem to be of the opinion that an unlimited number of taxpayers may file one complaint challenging their respective assessments and thus receive the benefit of a reduced filing fee. There is no basis for this view. See Pleasantville Taxpayers v. Pleasantville, 115 N.J.Super. 85, 278 A.2d 229 (App.Div.1971), certif. den. 59 NJ. 268, 281 A.2d 530 (1971). If, for example, an attorney represented 100 taxpayers who filed separate complaints challenging their assessments, they would each be obliged to pay a filing fee of $60, assuming theirs were not small claims cases (R.8:12(b)), and the total filing fee would be $6,000. If plaintiffs’ position were correct, the same plaintiffs could file one complaint and be charged a filing fee of only $1,050, the first count being $60 and each of the remaining 99 counts being only $10. Plaintiffs’ position would result in a significant loss of court fees and was certainly not contemplated by the Legislature or the Supreme Court in establishing Tax Court filing fees.
More likely, plaintiffs are simply hoping to take advantage of a mistaken computation of the filing fee by the Clerk of the Tax Court. This they cannot do. Plaintiffs have now been clearly and unequivocally advised by the clerk that they each should have filed a separate complaint challenging their assessment and that they must each pay a $60 filing fee before their cases will be processed. The additional fees have not been paid and plaintiffs have made it clear that they believe “there is no basis for any review of the propriety of the fee by the Court on its own motion.”
Plaintiffs’ position is frivolous. Filing fees are necessary to the administration of the court. N.J.S.A. 2A:3A-28(b). Plaintiffs are not entitled to the offices of the court without payment of the proper fee, nor should they presume to tell the court what *638 the appropriate fee should be. When parties are advised by a court clerk to pay specific fees, they must pay those fees in order to have their day in court. Having refused to remit the required fees as requested by the Clerk of the Tax Court in this proceeding, four of the five plaintiffs have waived their right to have their assessments reviewed. The court will therefore enter an order dismissing the second, third, fourth and fifth counts of the complaint.