PIZZUTO, J.T.C.
Defendants have moved to dismiss this action, which was brought to obtain review of the approval by the Bergen County Board of Taxation (County Board) of a partial re-assessment of taxable real property within the Borough of Park Ridge for tax *239 year 2006. At the time the motions were filed, Bear’s Nest Condominium Association (Association) was joined as plaintiff together with owners of two condominium units within the Bear’s Nest complex. The claims of those owners have since been voluntarily dismissed and the Association is now the sole plaintiff.
N.J.S.A. 54:4-23, in particular the amendment to that statute enacted as L. 2001, c. 101 (commonly known as “Chapter 101”), governs re-assessment of all or part of the taxable real property within a given taxing district. The statute requires an assessor who wishes to conduct a full or partial re-assessment to obtain the approval of the County Board of Taxation, and the regulations adopted thereunder by the Director of the Division of Taxation (N.J.A.C. 18:12A-1.14) prescribe procedures and establish standards for obtaining approval.
In the instant matter, the pleadings disclose the following uncontested facts. In November 2005, the assessor sought approval to re-assess all 199 condominium units at Bear’s Nest at an aggregate 5% increase and all 114 units at another condominium complex at a 6% increase. The condominium complexes were identified not by name but by numerical locality or neighborhood designations. On December 14, 2005, the County Board gave its approval. The assessor completed the re-assessment and included the revised assessments in the proposed tax list for 2006 submitted to the County Board. The affected unit owners received specific notice that their property was being re-assessed, and received a formal notice of assessment, required to be given by N.J.S.A. 54:4-38.1 (commonly known as the “Chapter 75 Notice”) not later than February 1, 2006 so that the time for filing a conventional tax appeal under N.J.S.A. 54:3-21 on any re-assessed unit ran through Monday, April 3, 2006.
The pleadings further disclose that the Association and several of its members requested the County Board to set aside the new assessments and return the affected units to their 2005 assessments, since the 2005 assessment level had generally been preserved in 2006 for the property in Park Ridge that had not been re-assessed. They tendered various arguments in support of this *240 request to the County Board and the Association seeks to pursue those arguments in the Tax Court. They contended, for example, that the unit owners were not specifically advised that the reassessment affected only the two condominium complexes and were thereby led to believe that a general revaluation was being conducted in Park Ridge. They further contended that there was insufficient basis to conclude that the affected units required reassessment and that other property in Park Ridge deviated from the general assessment level to a greater extent. The County Board in an action taken on March 8, 2006, rejected the request, in a summary fashion without addressing the subject matter, and left the objectors to seek relief in this court. This action, filed on April 17, 2006, followed.
Defendants’ arguments for dismissal are, essentially, that the 2006 assessments placed on the affected condominium units are subject to review only in timely filed tax appeals of individual units, that this plaintiff lacks standing to question the assessments as a group and that its action is, in any event, untimely. Plaintiff responds that the March 8 action is reviewable as an exercise of the County Board’s authority to approve the re-assessment, that the approval was improper, and that the time within which review could be sought was forty-five days, the period fixed for review of County Board actions in the Tax Court by N.J.S.A. 54:51A-9 and R. 8:4-l(a)(l).
Plaintiff’s arguments are not persuasive and defendants’ motions to dismiss are granted. A decisive flaw in plaintiffs argument is its characterization of the March 8 action as a determination which can be the subject of review in this court. When the County Board denied plaintiffs request to restore the 2005 assessments, it was not taking formal action. Its decision to accept the partial re-assessment under Chapter 101 had already been made.
The new assessments had been disclosed in the Chapter 75 notices sent to Park Ridge taxpayers as of February 1, 2006, and had been included in the tax list presumably submitted by the assessor not later than January 10 under N.J.S.A. 54:4-35. The *241 assessments remained subject to change by the County Board in the exercise of its administrative authority to revise and correct the tax list and deliver a finally certified list to the municipal collectors by June 3. N.J.S.A. 54:4-55. If an assessment is so revised, a notice of changed assessment is required under N.J.S.A. 54:4-38.1 and review of the revised assessment may be taken by appeal under N.J.S.A. 54:3-21 to the County Board or the Tax Court within forty-five days of the notice of change. Unless an assessment is changed subsequent to the initial Chapter 75 notice, the time for appeal is determined from the date of initial notice and, in the case of Park Ridge in 2006, ran through April 3.
Neither authority nor reason support the argument that an unsuccessful request for an assessment change that occurs between the Chapter 75 notice and the appeal date determinable thereunder extends the time for appeal. Timely filing of a tax assessment appeal is a jurisdictional requirement that is strictly enforced. F.M.C. Stores Co. v. Bomugh of Morris Plains, 100 N.J. 418, 495 A.2d 1313 (1985); Danis v. Middlesex County Board of Taxation, 113 N.J.Super. 6, 272 A.2d 542 (App.Div.1971); Regent Care Center, Inc. v. Hackensack City, 18 N.J.Tax 320 (1999). It is part of the statutory pattern for the orderly assessment and collection of tax revenue which is essential to the operation of local government. Township of Holmdel v. New Jersey Highway Authority, 190 N.J. 74, 918 A.2d 603 (2007).
The allowance of an otherwise untimely appeal in this matter by computing the time period under R. 8:4 — 1(a)(1) from the date of the denial of the request for an assessment change on March 6 clearly subverts the considerations underlying the general statute of limitations for tax appeals. There is, moreover, no question of prejudice in the present case. The plaintiff had fully adequate notice of the new assessments, and that they were imposed under Chapter 101. It submitted its request and arguments to the County Board and received the Board’s response almost a month before April 3. Whatever the dimensions of the right of any party to seek review of the implementation of a partial re-assessment under Chapter 101, for the reasons above stated, an action seeking *242 such review must be filed within the time allowed for contesting individual assessments.[1]
Although this action may be dismissed for reasons of timeliness alone, it is appropriate to address the standing issue, at least briefly. To begin with, there is no authority for assoeiational standing or for class actions to contest tax assessments in bulk. Indeed the caselaw is all to the contrary and concludes that when the objective is to substitute one assessment for another the exclusive remedy is by way of individual appeals of individual assessments. Pleascmtville Taxpayers v. Pleasantville, 115 N.J.Super. 85, 278 A.2d 229 (App.Div.1971), certif. denied, 59 N.J. 268, 281 A.2d 530 (1971); Berkeley Arms Apartment Corp. v. Hackensack, 7 N.J.Tax 457 (1985). This rule is equally applicable whether the claimed defect in the assessment is its lack of correspondence with true value or some procedural defect in its imposition. It does not require an exception for condominium associations, inasmuch as the condominium legislation specifies that tax assessments are made against the individual condominium unit. N.J.S.A. 46:8B-19.
In opposing this action on standing grounds, defendants acknowledge that in an individual appeal of a particular assessment any issues concerning the propriety of the partial re-assessment program could be raised, but only as they affect the individual assessment. This position is consistent with the requirement that a contest of an assessment on property of another under N.J.S.A. 54:3-21 requires joinder of the other taxpayer as defendant. See Brunson v. Rutherford Lodge, 128 N.J.Super. 66, 319 A.2d 80 (Law Div.1974).
In the present ease, plaintiff seeks to restore former assessments on all 199 units in Bear’s Nest and also on the 114 units in the other condominium complex involved in the partial re-assess *243 ment. It appears that the relief sought would not increase any of the 313 assessments. In principle, however, a claim for invalidation of a partial re-assessment and restoration of former valuations could entail the possibility of a tax increase of some property owners. The interest of taxpayers whose tax would thereby increase in the adjudication of such a claim is obvious. That interest implicates serious questions of notice, joinder and procedures for hearing. To recognize an exception to the general rule that tax assessments are reviewable individually in the case of an objection to the implementation of a partial re-assessment under Chapter 101 would squarely present those questions.
In the present case, the action is not maintainable because it is untimely. The existing law of standing, moreover, would also seem to require dismissal of the complaint. There is no convincing showing of a basis for an exception to the standing rule and no occasion to address the consequences of such an exception. Accordingly, the complaint is dismissed as untimely and the question of whether, if the complaint were timely, an exception to standing rules should be recognized, is not strictly necessary and not directly determined.

 This discussion need not address the hypothetical questions concerning the procedures that may be appropriate for the conduct of a proceeding challenging the implementation of a partial or complete revaluation, except to note that expeditious action is obviously in order, in order to permit effective relief and prevent mootness.