82 N.J. Super. 519 (1964)
198 A.2d 463
J.H. BECKER, INC., A CORPORATION DULY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF MARLBORO, A MUNICIPAL CORPORATION, GEORGE WENDEL, ASSESSOR, UNITED APPRAISAL CO., A CORPORATION, AND MONMOUTH COUNTY BOARD OF TAXATION, DEFENDANTS-RESPONDENTS. JOHN A. GAHLER, ET AL., PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF HOLMDEL, A MUNICIPAL CORPORATION; JOHN MOUNT, ASSESSOR OF THE TOWNSHIP OF HOLMDEL; MUNICIPAL REVALUATIONS, INC., A BODY CORPORATE; AND MONMOUTH COUNTY BOARD OF TAXATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 17, 1964.
Decided March 9, 1964.
*521 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Ralph S. Heuser argued the cause for appellant J.H. Becker, Inc. (Messrs. Heuser, Heuser & DeMaio, attorneys).
Mr. John C. Givens argued the cause for appellant John A. Gahler, et al. (Messrs. Parsons, Canzona, Blair & Warren, attorneys).
Mr. Vincent P. Keuper, attorney for respondents Township of Marlboro and George Wendel, filed a statement in lieu of brief.
Mr. Edward V. Torvak argued the cause for respondent United Appraisal Co. (Mr. Arthur J. Messineo, attorney).
Mr. Lawrence A. Carton, Jr. argued the cause for respondents Township of Holmdel and John W. Mount (Messrs. Roberts, Pillsbury & Carton, attorneys; Mr. H. Allen Roberts, on the brief).
Mr. Alan B. Handler, Deputy Attorney General, argued the cause for respondent Monmouth County Board of Taxation (Mr. Arthur J. Sills, Attorney General, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
This matter involves appeals from judgments entered in two actions in lieu of prerogative writs which were instituted in the Superior Court, Law Division, Monmouth County. In each case the trial court entered judgment dismissing the complaint. The appeals were consolidated for argument because they involve common questions of law and fact.
In appeal bearing docket number A-948-62 (hereafter referred to as the Becker case), plaintiff J.H. Becker, Inc., a taxpayer of the township of Marlboro, filed a complaint in lieu of prerogative writs naming as defendants the Township *522 of Marlboro; George Wendel, tax assessor of the township; United Appraisal Co., and the Monmouth County Board of Taxation. In the first count of said complaint, plaintiff alleged that the 1962 tax assessments on real property located within the township, as determined by the tax assessor and levied by the township, were not made at a uniform standard valuation of 100% of true value, which had been established by the county board of taxation as the level of taxable value to be applied uniformly throughout the county pursuant to N.J.S.A. 54:4-2.27. It charged that defendant United Appraisal Co., which had revalued all taxable real property in the municipality (under a contract with the township) had failed and neglected to revalue such property in accordance with said standard. It further averred that defendant Monmouth County Board of Taxation did not proceed to equalize the assessed value of such property pursuant to N.J.S.A. 54:4-47. (It is noted that N.J.S.A. 54:4-2.27 and N.J.S.A. 54:4-47, referred to above, are sections 3 and 32 of L. 1960, c. 51 which has been postponed until the tax year 1965 and is not presently operative or in effect. L. 1963, c. 9, N.J.S.A. 54:4-2.34. However, the present law still requires assessment and equalization of all real property at its true value. N.J.S.A. 54:4-1, 46 to 48; L. 1918, c. 236, §§ 202 and 507).
The complaint also claimed that if all real property in the township had been assessed at a uniform and standard taxable value based upon actual value, the taxes of plaintiff would be substantially lessened; that by reason of a discriminatory and unequal assessment plaintiff had been required to bear an excessive share of the taxes levied by the township. It further asserted that while plaintiff had appealed to the State Board of Tax Appeals from an overassessment of taxes, such appeal would not accomplish a uniform and standard assessment of the true value of the real property; that plaintiff under the law was entitled to have equal and uniform assessments of a taxable value of 100% of true value applied to real property of the township.
*523 Plaintiff demanded judgment that (1) the assessor and United Appraisal Co. revise the assessments in accordance with the actual value thereof, fixing the true value of the real property and then applying the taxable value thereto; (2) the township and United Appraisal Co. proceed to correct the appraisals of real property theretofore made, and (3) the Monmouth County Board of Taxation review and correct the assessment rolls pursuant to N.J.S.A. 54:4-47.
Defendants' answers denied the allegations of the complaint and asserted affirmatively that (1) plaintiff had not exhausted its administrative remedies, (2) the complaint failed to state a cause of action upon which relief could be granted, and (3) lack of jurisdiction to grant the relief sought by a proceeding in lieu of prerogative writs.
In the second count of the complaint plaintiff sought to recover compensatory and punitive damages from defendant United Appraisal Co., alleging it sustained injury caused by the defendant's negligent and incompetent revaluation of township property. Defendant answered denying the allegations and asserted affirmatively that plaintiff had failed to state a claim upon which relief could be granted.
In appeal bearing docket number A-49-63 (hereafter referred to as the Gahler case), plaintiff John A. Gahler and 11 others, all taxpayers of the township of Holmdel, brought a similar action naming as defendants the Township of Holmdel; John Mount, tax assessor of the township; Municipal Revaluations, Inc., and the Monmouth County Board of Taxation. Defendant Municipal Valuations, Inc., under contract with Holmdel, had made a municipal-wide revaluation of property within the township.
In this action plaintiffs challenged the validity of the 1962 assessments on similar facts and for the same reasons as contained in the first count of the complaint in the Becker case. They sought the same relief and also specifically demanded judgment that the township assessor and Municipal Revaluations, Inc. "revise the assessments in accordance with actual sales made within the township fixing the true value *524 of the real estate and then applying the taxable value thereto." (Emphasis added)
Defendants denied allegations in the complaint and asserted affirmatively that (1) plaintiffs had failed to exhaust their administrative remedies of appeal to the Monmouth County Board of Taxation and to the State Division of Tax Appeals, and (2) the relief sought was not concerned with the ministerial duties required to be performed by the tax assessor, and therefore the proceeding in lieu of prerogative writs (mandamus) could not be invoked.
In the Becker case, defendants moved for a judgment on the pleadings. In Gahler, defendants moved for summary judgment, and affidavits and opposing affidavits were filed. The trial court granted defendants' motions in both cases and dismissed the Gahler complaint and the first count of the Becker complaint for the reason that plaintiffs had failed to exhaust their administrative remedies before the Monmouth County Board of Taxation and the State Division of Tax Appeals. It dismissed the second count of the Becker complaint in favor of defendant United Appraisal Co. on the ground that said defendant violated no duty or obligation owed to the plaintiff.

I.
We deal first with the alleged error of the trial court with regard to the procedural aspect of the motions.
Becker contends that the complaint filed alleged in general language that the Marlboro assessor did not revalue the real property of the township at 100% of true value. It is argued that since, on a motion for judgment on the pleadings, R.R. 4:12-3, all well-pleaded facts and legitimate inferences drawn therefrom are admitted, the trial court erred in granting defendants' motion. See Ridgefield Park v. Bergen Co. Bd. of Taxation, 31 N.J. 420, 425 (1960); Baldwin Const. Co. v. Essex County Bd. of Taxation, 24 N.J. Super. 252, 263-64 (Law Div. 1952).
*525 Gahler contends that pleadings and affidavits filed on behalf of plaintiffs directly contradicted the affidavit of the Holmdel tax assessor who had stated that he had determined the taxable value of real property at 100% of true value. It is asserted that since there was a genuine issue of material facts, the trial court, pursuant to R.R. 4:58-3, should not have granted defendants' motion for summary judgment.
The opinion of the trial judge clearly indicates that his decision was rendered without consideration of the factual issues raised by the affidavit in the Gahler case or the rule that all well-pleaded facts are admitted on a motion brought pursuant to R.R. 4:12-3, as asserted by Becker. The trial judge, having considered the pleadings and moving papers before him, addressed himself solely to the question of whether or not the matters thus presented, as a matter of policy, were ripe for judicial determination. He concluded that since there were available procedures for administrative review before established administrative agencies, proceedings in lieu of prerogative writs, brought pursuant to R.R. 4:88, should not be maintained. See R.R. 4:88-14. Based on this premise, we find no error on the part of the trial judge.

II.
We consider next the alleged error by the trial court in dismissing the Gahler complaint, and the first count of the Becker complaint, on the ground that plaintiffs had failed to exhaust their administrative remedies.
It is conceded by plaintiffs that they did not exhaust their remedies by appeals to the Monmouth County Board of Taxation and the State Division of Tax Appeals. They argue that they were not required to do so under the existing circumstances, and that a proceeding in lieu of prerogative writs is the proper remedy where a municipality has failed to live up to its statutory and constitutional obligation to assess all real property at true value.
Plaintiffs recognize the normal rule requiring the exhausting of the administrative remedy and the particular *526 application of its provisions when a taxpayer seeks relief from an alleged unjust tax assessment which has already been imposed on him. However, they stress that in the instant cases they are not seeking relief from the 1962 tax assessments already imposed, but rather a court judgment in the nature of a mandamus requiring future compliance by the tax assessor with the statutory mandate for assessment at 100% of true value. They contend that such a remedy in futuro is not available to them in any administrative tribunal.
The in futuro remedy argument, it should be observed, was not suggested by the complaints filed in these two cases. The complaints addressed themselves solely to the 1962 assessments and sought relief as to them by way of revision. However, in order to dispose of the matter with a minimum of delay, we will consider and determine the argument as though initially reflected in the pleadings.
Plaintiffs place reliance on such cases as In re Appeals of Kents 2124 Atlantic Ave., Inc., 34 N.J. 21 (1961); Ridgefield Park v. Bergen Co. Bd. of Taxation, 31 N.J. 420 (1960); and Switz v. Middletown Twp., 23 N.J. 580 (1957). Referring to Kents, supra, plaintiffs point out that the court recognized that there are two remedies available to a taxpayer who has been discriminated against in the assessment of real property for purposes of taxation, namely, (1) appeals to the statutory administrative agencies to seek relief from a tax already imposed, and (2) the remedies provided in Switz, supra, and Ridgefield Park, supra, which "hold a taxpayer may sue to compel future compliance by the local assessor with the statutory mandate for assessment at full true value." (34 N.J., at p. 25).
This quoted statement from Kents, supra, must be read in the light of the factual complex existing in Switz and Ridgefield Park. An examination of such facts indicates that they are readily distinguishable from those appearing in the instant cases.
In Switz, supra, it was conceded that the defendant municipality was not and had not been assessing property at true *527 value, and the court directed that the local authorities revalue and assess all real property in the township at 100% of true value.
In Ridgefield Park, supra, the plaintiff municipality, which was assessing property at 100% of true value, brought an action in lieu of prerogative writs in the Law Division alleging that other municipalities of Bergen County were not doing likewise, and thereby were creating an imbalance as to the respective contributions by the municipalities in support of the county government.
The special situation in Ridgefield Park is not pertinent here, because the concern in that case was not with individual assessments levied by the various municipal assessors, but with their admitted procedures generally. No such concession is made by the municipal assessors involved herein, because each contends that he has been making the assessments according to 100% of true value, in the exercise of his discretion and to the best of his judgment.
In the Kents case, supra, the court considered an appeal from the Division of Tax Appeals wherein the taxpayer asserted discrimination with respect to its own tax assessments. That was a case where the taxpayers had pursued their administrative remedies  admittedly not the case here.
In the instant cases, it is undisputed that both municipalities have revalued all real property in the township; that appraisal organizations retained by the townships made the revaluations at what is asserted to be 100% of true value, and that the assessors utilized such revaluations in making their statutory determinations of the assessments to be levied.
Here, plaintiffs are dissatisfied with the results of the revaluations. They claim that the assessed valuations arrived at were not in accord with actual sales and that comparable and contiguous acreage is assessed at widely divergent rates. Their complaint is not that defendants refused or failed to attempt to make municipal-wide assessments uniformly and at true value, but that they failed to succeed in their efforts to reach this result.
*528 What plaintiffs seek herein is that the courts should supervise the exercise of discretion by the assessors in their determination of 100% of true value, rather than compelling the exercise of such discretion by the assessors.
In Switz, supra, the court clearly indicated that a writ of mandamus (now sought by action in lieu of prerogative writs) would not issue to control the mode or manner in which the discretionary power of taxing officials should be exercised, but would apply only to compel initially the exercise of such discretion. The court stated,
"The generally accepted limitations upon the exercise of the ancient extraordinary remedy of mandamus obtain in New Jersey. It is a coercive process that commands the performance of a specific ministerial act or duty, or compels the exercise of a discretionary function, but does not seek to interfere with or control the mode and manner of its exercise or to influence or direct a particular result. Mandamus lies to compel but not control the exercise of discretion. Roberts v. Holsworth, 10 N.J.L. 57 (Sup. Ct. 1828); Benedict v. Howell, 39 N.J.L. 221 (Sup. Ct. 1877). Unless the particular duty be peremptory, the fair use of judgment and discretion is the province of the functioning authority." (at pp. 587-88)
Plaintiffs, in fact, seek completely new revaluations in the respective townships because they are dissatisfied with the results of those just completed. We are satisfied that the above cited cases do not support such actions.
In the affidavit filed in Gahler their expert found assessments on acreage values ranging from $242.97 to $4,422. He stated that in 15 sales of Holmdel acreage between 1955 and 1962, 14 parcels sold at prices above the assessed value, and one sold below.
Such evidence does not necessarily indicate that assessments of real property were not made at true value, in accordance with a uniform standard as required by law. It is well settled that no single factor is controlling in ascertaining the value of real property. The size and shape of a tract of land, its topography and physical condition, its location, its accessibility to highways, the availability of public utilities, street frontage, value for a particular purpose and *529 the use thereof, and comparative sales are among the many factors which can be considered in determining actual value.
If the Law Division were to entertain the actions brought herein, it can readily be seen that plaintiffs could ask the court to review the entire assessment program of each municipality and call upon the assessors to justify hundreds, or perhaps thousands, of apparent discrepancies, for which the assessors probably have, at least in their judgment, justifiable answers.
The Legislature has provided a statutory method of appeal to the county board of taxation for a taxpayer who is aggrieved by the assessed valuation of his property or because he is discriminated against by the assessed valuation of other property in the county. N.J.S.A. 54:3-21. If he is dissatisfied with the result of such a proceeding, he may appeal to the Division of Tax Appeals in the Department of Treasury. N.J.S.A. 54:2-39. Further administrative review of any action or determination of the county board of taxation by the Division of Tax Appeals is made available under N.J.S.A. 54:2-35.
The foregoing statutes provide a full administrative review to any taxpayer who desires to contest assessments made by the tax assessor. The administrative agencies involved are specially fitted and possess the required expertise necessary to provide adequate relief to the taxpayer.
It may well be true that the Division of Tax Appeals, in its disposition of appeals in tax matters, is not the proper tribunal in which to seek a judgment which looks to the future conduct of the local assessors. However, the Law Division is not required to entertain this type of action when the gravamen of the complaint is that the assessor is taxing some properties more than they are worth, or properties less than they are worth, or applying a certain per acre value to some lands as contrasted with a different per acre value to other lands. Mere difference of opinion as to whether the assessed values in the respective townships do, or do not, represent 100% of true value does not justify judicial intervention *530 when the Legislature has provided an aggrieved taxpayer with an adequate administrative review.
R.R. 4:88-14 provides that proceedings in lieu of prerogative writs under R.R. 4:88 shall not be maintainable, except where it is manifest that the interests of justice require otherwise, so long as there is available administrative review to an administrative agency which has not been exhausted.
We are satisfied under the facts presented in these cases that the interests of justice required plaintiffs to proceed first with their administrative remedies before seeking judicial intervention. See Roadway Express, Inc. v. Kingsley, 37 N.J. 136 (1962); and Central R.R. Co. v. Neeld, 26 N.J. 172 (1958), cert. denied 357 U.S. 928, 78 S.Ct. 1373, 2 L.Ed.2d 1371 (1958).

III.
We find no merit in the cause of action brought by Becker against United Appraisal Co. in the second count of its complaint. The defendant had been retained under a contract by the township of Marlboro to revalue the properties in the municipality. Its valuations were not binding upon the township assessor, whom it served only in an advisory capacity. It violated no duty to plaintiff Becker.
The judgment of the Law Division will be affirmed.