195 N.J. Super. 373 (1984)
479 A.2d 435
F.M.C. STORES CO., PLAINTIFF-APPELLANT,
v.
BORO. OF MORRIS PLAINS, DEFENDANT-RESPONDENT.
EDISON MALL ASSOCIATES, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF EDISON, DEFENDANT-RESPONDENT.
115 ACRES VENTURE/FIRST NATIONAL STATE BANK, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF EDISON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1984.
Decided August 2, 1984.
*377 Before Judges PRESSLER, TRAUTWEIN and O'BRIEN.
Steven R. Irwin argued the cause for appellants (Mandelbaum & Mandelbaum, attorneys; Steven R. Irwin, on the brief).
John J. Harper argued the cause for respondent Borough of Morris Plains (Harber & Hansbury, attorneys; John J. Harper, on the letter brief).
Jonathan N. Harris argued the cause for respondent Township of Edison (Andora, Palmisano, DeCotiis & Harris, attorneys; Anthony D. Andora, of counsel; Jonathan N. Harris, on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
*378 These consolidated appeals arise out of three separate direct actions instituted in the Tax Court pursuant to N.J.S.A. 54:3-21 by three separate taxpayers whose respective real property assessments exceeded $750,000 and who challenged their respective assessments as excessive. The common issue raised is whether the defendant-taxing district, if it elects to challenge its own assessment as being too low, must take its appeal by the August 15 deadline date prescribed by statute or whether it may do so beyond that date by filing a counterclaim subject to the relaxable time requirements prescribed by the rules governing the trial divisions of the Superior Court.
In each of these cases, the defendant municipality moved in the Tax Court for leave to file such a counterclaim after August 15. Each of the motions was granted and each of the taxpayer-plaintiffs sought leave to appeal. Leave was granted in all three cases, which we then consolidated for argument and disposition.[1] We now reverse all three orders. It is our holding that compliance with the August 15 date is a jurisdictional prerequisite for the prosecution by a defendant municipality of an appeal from its own assessment whether or not the taxpayer first appeals.
The relevant facts are simple and undisputed. Each of the plaintiffs is the owner of commercial property in its respective municipality, each of which underwent a complete reevaluation effective in 1983. F.M.C. Stores Co., whose property was assessed for that year at a total of $5,230,600, filed its appeal in the Tax Court on August 5, 1983. Edison Mall, whose property *379 was assessed at a total of $1,296,000, and 115 Acres Venture/First National Bank, whose property was assessed at a total of $6,352,500, each filed an appeal in the Tax Court on August 8, 1983. Morris Plains, the defendant in the F.M.C. Stores Co. action, filed a timely answer supporting its assessment.[2] On August 29, 1983, it filed a motion seeking leave to amend its answer in order to add a counterclaim challenging its assessment on the ground that it was below the true value of the property and also below the common level in the taxing district. The motion was granted over plaintiff's objection.
In the Edison cases, no responsive pleading was filed by the defendant until March 1984 when, after retaining special counsel, defendant filed a motion in each of the cases seeking leave to file a late answer and counterclaim in order to challenge the assessments as being both below true value and below the common level. Those motions were also granted over plaintiffs' objections.
The conceptual basis of the Tax Court's action in granting the defendants' motions was grounded on R. 8:3-7, which provides as follows:
A counterclaim shall accord, as to form, with R. 8:3-3; as to contents, with R. 8:3-4 and R. 8:3-5 and as to service, with R. 8:5-2 through 5 inclusive.
That rule is, however, silent with respect to the time period in which service of a counterclaim must be made. R. 4:1, however, provides that the rules in Part IV, insofar as applicable, govern the practice and procedure in the Tax Court except as otherwise provided in Part VIII. It was the court's perception in view of R. 4:1 that R. 8:3-7 is therefore subject to the time prescriptions governing the filing of counterclaims in the Superior Court, namely, R. 4:6-1, requiring a counterclaim to be served within 20 days after service of the summons and complaint. It was also the court's view that a Tax Court counterclaim *380 is subject to R. 4:7-4, which permits a pleader to add an omitted counterclaim by amendment to his pleadings "when justice requires," and to R. 4:9-3, which permits amended pleadings to relate back to the date of the original pleading. This rationale for permitting the filing of a late appeal by way of a counterclaim was adopted by the Tax Court in Curtiss-Wright Corp. v. Wood-Ridge, 2 N.J. Tax 143 (Tax Ct. 1981), relied upon here in the granting of the challenged motions.
We are, however, constrained to disagree with this view because we are persuaded that in respect of a municipal appeal from its own assessment, the Curtiss-Wright holding is contrary to the countervailing statutory dictates of N.J.S.A. 54:3-21. That statute provides in part that
A taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, may on or before August 15 appeal to the county board of taxation by filing with it a petition of appeal; provided, however, that any such taxpayer or taxing district may on or before August 15 file a petition of appeal directly with the tax court, if the assessed valuation of the property subject to the appeal exceeds $750,000.00.
The statute therefore clearly and unequivocally accords both the taxpayer and the taxing district an independent right to appeal from a real property assessment.[3] But that right, whether first asserted in the county board of taxation or, because of the amount of the assessment, in the Tax Court, is also conditioned upon the filing of the appeal by August 15. The question then is whether the August 15 date is a jurisdictional requirement for each party, irrespective of any action taken by the other, or whether it is a time limitation which is subject to modification by court rule. In our view, it is a *381 jurisdictional and therefore, by definition, a non-modifiable requirement.
The right to appeal a real property assessment is statutory, and the appellant is required to comply with all applicable statutory requirements. The Supreme Court has recognized, however, that not "every procedural omission rises to the level of a fatal defect in subject matter jurisdiction * * *." General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 127-128 (1980). Nevertheless, the statutory time prescription for the filing of an appeal has uniformly been held to constitute a non-relaxable jurisdictional requirement attended by the consequence of preclusion of the action if not complied with. See, e.g., Newark v. Fischer, 3 N.J. 488 (1950); Clairol, Inc. v. Kingsley, 109 N.J. Super. 22 (App.Div. 1970), aff'd 57 N.J. 199 (1970); Prospect Hill Apts. v. Flemington, 172 N.J. Super. 245, 247, 1 N.J. Tax 224 (Tax Ct. 1979). And see Bass River Tp. v. Driscoll, 3 N.J. Tax 177, 181 (Tax Ct. 1981); Environmental Protection Dep't v. Franklin Tp., 181 N.J. Super. 309, 317, 3 N.J. Tax 105, 113, 437 A.2d 353 (Tax Ct. 1981); Galloway Tp. v. Petkevis, 2 N.J. Tax 85, 88 (Tax Ct. 1980); Sun Life Assur. Co. of Canada v. Orange, 2 N.J. Tax 25, 28 (Tax Ct. 1980); City of Salem v. Salem County Bd. of Taxation, 1 N.J. Tax 462, 464 (Tax Ct. 1980).
Clearly, if no appeal were taken by a taxpayer to the Tax Court by August 15 of the tax year, the taxing district would be thereafter absolutely precluded from taking an appeal for that year. If the taxpayer did take an appeal by filing a complaint on or before August 15, the taxing district could not file its own complaint appealing the assessment after August 15. We are persuaded that when a taxing district is barred from filing its own complaint, its right to appeal is irrevocably lost and cannot be revived by the procedural mechanism of a counterclaim. In short, we conclude that the pendency of an appeal by the taxpayer cannot extend the taxing district's time to take its own appeal beyond the statutory August 15 date.
*382 We are satisfied that under the statutory scheme the right of appeal of the taxpayer and the right of appeal of the taxing district are separate and independent causes of action, even though they involve the same subject matter. Cf. Weyerhaeuser Co. v. Borough of Closter, 190 N.J. Super. 528 (App.Div. 1983), reaffirming the applicability of the statutory time limitations to appeals which constitute separate causes of action. Thus, the right of each party to pursue an appeal within the statutory time period is wholly independent of and unaffected by the course of action decided upon by the other. That time limitation, prescribed by statute and thus constituting a jurisdictional prerequisite, is not, in our view, subject to court rule modification, and the mechanism of a court-rule counterclaim cannot be used either to extend or to abbreviate the statutory period. Cf. Alid v. North Bergen, 180 N.J. Super. 592 (App. Div. 1981), app. dism. 89 N.J. 388 (1981).
Obviously, one party could not, by filing its appeal more than 20 days prior to August 15, curtail the other party's right to appeal since each party has been accorded the unqualified statutory right to appeal at any time on or before August 15. Thus, the time constraints of the Superior Court counterclaim rule could not be relied upon by one party to shorten the other party's statutory time to appeal. It is immaterial that in that situation a court would be likely to exercise its discretion to extend the time for filing the counterclaim at least until August 15 since that deadline date is a matter of right which is independent of judicial discretion. Conversely, we see no basis upon which the counterclaim rule can be relied upon to extend the statutory time period.[4] We conclude, therefore, that each party must exercise its own right to appeal within the statutory *383 time prescription.[5] We therefore are in full agreement with the observation in Cherry Hill Tp. v. U.S. Life Ins. Co. of N.Y., 176 N.J. Super. 254, 262, 1 N.J. Tax 236, 243 (Tax Ct. 1980), that "any party seeking affirmative relief in [the Tax Court] must protect his rights by the filing of an appropriate pleading. He cannot rely upon the filing of a pleading by his adversary."
We find support for this conclusion in the general proposition that in real property assessment appeals taken pursuant to N.J.S.A. 54:3-21, the choice of forum as between the county board of taxation and the Tax Court should not affect the substantial rights of the parties. Cf. Powder Mill I Assoc. v. Hamilton Tp., 190 N.J. Super. 63 (App.Div. 1983). It is clear that if the taxpayers here had opted to file their appeals in the county board of taxation rather than in the Tax Court, a cross appeal by the taxing districts after August 15 would have been jurisdictionally precluded. This county board practice has been recently confirmed by the amendments of N.J.A.C. 18:12A-1.6 and 1.20, which prohibit the county board from accepting a cross-petition after the expiration of the statutory period. See Proposed Rule Amendment, 16 N.J.R. 1330, 1332, adopted July 23, 1984, effective August 6, 1984, ___ N.J.R. ___.
The view we here adopt is, moreover, consistent with our holding in Rabstein v. Princeton Tp., 187 N.J. Super. 18 (App. Div. 1982), in which we held that where a taxpayer's appeal is taken to the county board and the taxing district fails to pursue a timely claim for affirmative relief in that forum, it cannot thereafter seek such relief by filing a counterclaim in the Tax Court on a taxpayer's appeal from the county board judgment. This holding of Rabstein clearly rests on the predicate that if *384 the taxing district wishes to seek the affirmative relief of reduction of its own assessment, it must do so within the statutory time prescription and cannot rely on procedural mechanisms to overcome its failure to have done so.
We have considered the argument of the taxing district that it would be essentially unfair and contrary to public policy if a municipality were bound by the August 15 deadline date when a taxpayer files his appeal on or close to the deadline date. The argument is that in such circumstances it has either insufficient time or no time at all in which to file what is in effect a cross-appeal. We find the argument unpersuasive. A municipality does not have the right to respond to a taxpayer's appeal in the county board of taxation by filing a cross-appeal after August 15. We see no reason why public policy requires it to have that right in the Tax Court. A municipality has the obligation to satisfy itself as to the correctness of its assessments by the August 15 date. This is especially true in a reevaluation year in which every assessable property is reviewed. Moreover, where an assessment is substantial enough to warrant a direct appeal to the Tax Court, the municipality has not only the obligation but also a special incentive to review the correctness of the assessment. We recognize that a municipality may have a strategic advantage if it is able to challenge its assessment as too low when the taxpayer complains that it is too high. That strategic advantage was in fact acknowledged at oral argument by one of the municipal attorneys here. We are satisfied, however, that this consideration is beyond the framework of the statute and cannot constitute a basis upon which the court can relax the statutory time periods.
Our holding here is limited to a counterclaim which attacks the original assessment. We agree with the theory and rationale of Curtiss-Wright insofar as other types of counterclaims are involved. If, for example, a taxpayer were to obtain a reduction of his assessment in the county board of taxation *385 and appealed to the Tax Court seeking a greater reduction, the municipality would certainly be free to file a counterclaim in the Tax Court seeking to reinstate the original assessment, and a motion to file a late counterclaim for that purpose would be a matter within the court's discretion. It is only a challenge to the original assessment which we hold to be subject to the time prescriptions of N.J.S.A. 54:3-21 irrespective of whether it is styled as a complaint, an appeal, a cross-appeal, a cross-petition or a counterclaim.
Having determined that the counterclaims here should not have been permitted, we must address several consequences of this decision. First is the issue of the taxpayers' right to withdraw their respective complaints. R. 8:3-9 permits a party to withdraw his complaint or counterclaim at any time prior to the close of the proofs before the Tax Court whether or not a responsive pleading has been filed. The viability of a counterclaim after the complaint has been unilaterally withdrawn is apparently a matter still open to question. The taxpayers here raised the issue, urging us to hold that if they should decide to withdraw their respective complaints, the counterclaims should not be permitted to stand. We need not, however, address this issue in view of our holding that the counterclaims here were improvidently allowed.
The more difficult consequential question we must address is whether, in the absence of a counterclaim by the respective taxing districts so asserting, the original assessments may in these proceedings be increased by the judgment of the Tax Court. There is a divergence of opinion on this issue requiring us to review the recent history of its consideration.
This review requires us first to focus upon the two basic grounds generally asserted in support of claims for assessment relief. One is the claim that the true value ascribed to the property by the assessment is incorrect and that, as a matter of fair market value, the property is worth more or less than the assessment. The other is the claim that the assessment *386 is discriminatory in that it represents a disparate ratio between true value of the property and the common level of assessment in the district. These discrimination claims are encompassed by so-called Chapter 123, which refers collectively to N.J.S.A. 54:1-35a, 54:51A-6,[6] and 54:3-22(c) to (f). As is made clear by Murnick v. Asbury Park, 95 N.J. 452 (1984), proof of discrimination ordinarily involves two base factors, the common level of assessment in the taxing district and the true value of the subject property. The propriety of the assessment is preliminarily determined by dividing the assessed value of the property by its true value in order to arrive at an assessment-value ratio which is arithmetically convertible into a percentage figure. A comparison may then easily be made between that percentage figure and the percentage constituting the common level of assessment. Where discrimination claims are not involved, all that must be proved is the true value of the property. Thus, proof of true value is the common element of proof of both grounds of appeal.
It is clear that N.J.S.A. 54:51A-6 and N.J.S.A. 54:3-22 impose upon the Tax Court and the county board of taxation, respectively, the obligation to enter judgment revising the assessment on a finding, from the proofs, that the assessment-value ratio is outside the statutory common level range. The import of this mandate is to require the county board of taxation and the Tax Court accordingly to increase the original assessment on a taxpayer's appeal if required by the common level range irrespective of whether the taxing district has cross-appealed seeking an increase in its original assessment. We so held in Weyerhaeuser Co. v. Borough of Closter, 190 N.J. Super. 528 (App.Div. 1983), in which we approved the rationale of Devonshire Develop. Assoc. v. Hackensack, 184 N.J. Super. 371, 2 N.J. Tax 392 (Tax Ct. 1981), and its holding that *387 "* * * in an appropriate case the County Tax Board or court must increase the assessment beyond the original assessment if it finds that the ratio of the assessed value is below the common level range." 184 N.J. Super. at 386, 2 N.J. Tax 392. We are, however, satisfied that the statutory mandate in discrimination cases does not apply where the only issue in dispute is true value and where Chapter 123 cannot apply because the challenged assessment was made during the course of a reevaluation. See N.J.S.A. 54:51A-6(d).
It was the holding of this court in Bor. of Matawan v. Tree Haven Apts., Inc., 108 N.J. Super. 111 (App.Div. 1969), that in the absence of a proper and timely challenge by the taxing district to its own assessment, the original assessment could not be increased on a taxpayer's appeal. This holding was based on considerations of fundamental fairness to taxpayers and recognized their reasonable assumption that by taking the appeal they would fare no worse than the original assessment. While this rationale precluded increase of the original assessment, it did not, as Matawan held, affect the authority of the Division of Tax Appeals, the precursor of the Tax Court, to reduce the level of relief granted the taxpayer by the county board of taxation provided the original assessment continued to constitute the assessment ceiling. See Hackensack v. Rubinstein, 37 N.J. 39 (1962); Rek Investment Co. v. Newark, 80 N.J. Super. 552 (App.Div. 1963). The Matawan holding, prohibiting an increase in the original assessment in the absence of a timely taxing district appeal, was thereafter uniformly followed as the governing principle of law. See, e.g., Alpine v. Alpine Hills, Inc., 1 N.J. Tax 136 (Tax Ct. 1980); Lamm Associates v. Borough of West Caldwell, 1 N.J. Tax 373 (Tax Ct. 1980).
There appears to have been no departure from Matawan until the decision of this court in Ft. Lee v. Hudson Terrace Apartments, 175 N.J. Super. 221 (App.Div. 1980), certif.den. 85 N.J. 459 (1980). As we observed in Rabstein v. Princeton Tp., supra, 187 N.J. Super. at 22 n. 2, in Ft. Lee v. Hudson Terrace Apartments,

*388 * * * this court, without mentioning Matawan, reversed a finding of discrimination and ordered the entry of an assessment above that originally entered. The taxpayer's motion for a rehearing on the basis of Matawan was summarily denied, with the following comment:
SUPPLEMENTAL: The petition for rehearing is denied. See N.J. Constitution (1947), Art. VII, § I, par. 1; N.J.S.A. 54:4-23; Samuel Hird & Sons, Inc. v. Garfield, 87 N.J. Super. 65, 75 (App.Div. 1965); Hackensack v. Rubinstein, 37 N.J. 39, 52, 178 A.2d 625 (1962); Rek Investment Co. v. Newark, 80 N.J. Super. 552, 557-558 (App.Div. 1963). [cited in Devonshire Develop. Assoc. v. Hackensack, 184 N.J. Super. 371, 376, 2 N.J. Tax 392, 397 (Tax Ct. 1981)]
However, unlike Matawan, and these cases, Fort Lee involved a claim of discrimination which makes it clearly distinguishable.
Hudson Terrace and Matawan can be reconciled on the basis that the original assessment is subject to increase in the absence of the taxing district's appeal only in discrimination cases and only for the purpose of ensuring that the assessment is within the common level range. The continued viability of Matawan with respect to the determination of true value in cases where common level is not an issue was, however, questioned by this court in Rabstein v. Princeton Tp., supra, and ultimately rejected in Weyerhaeuser Co. v. Borough of Closter, supra. We are not, however, persuaded that the Matawan holding should be entirely interred, and we decline to follow Rabstein and Weyerhaeuser in this respect.
As we have already indicated, the concern of Chapter 123 is the common level range as applied to fair market value rather than the determination of fair market value itself. Chapter 123 does not therefore compel the same result in fair market value issues as it does in discrimination cases. Where fair market value is the only issue to be determined, we adhere to the philosophy of Matawan. We agree that the consequence of an unnoticed increase in the assessment on a taxpayer's appeal is fundamentally unfair[7] and that such a practice would unduly *389 chill the exercise by taxpayers of their right to pursue a real property tax appeal. According to the 1983 Annual Report of the New Jersey Judiciary, at 58, there are nearly as many local property tax appeals filed as small claims in the Tax Court under R. 8:11 as there are "regular appeals."[8] It may be fairly assumed that the county boards of taxation entertain a similar high proportion of modest taxpayer claims. And it is also fair to assume that a large number of small claims are pursued by taxpayers appealing pro se whose challenge is addressed to fair market value alone. The risk of having a challenged assessment increased by the bringing of a small claims case cannot but discourage the prosecution of these actions, a result which we regard as unsalutary.
Matawan was decided in 1969. The Legislature must be assumed to have been aware of that holding. Brewer v. Porch, 53 N.J. 167 (1969). It has taken no action to contradict it except to the extent that we have so construed Chapter 123. We hold, therefore, that where a taxpayer's appeal challenges an assessment based on true value and where discrimination is not and cannot be an issue, the consequence of the taxing district's failure to take a timely appeal from the assessment is to preclude an increase of the original assessment.
The orders appealed from are reversed, and we remand to the Tax Court for further proceedings consistent with this opinion.
NOTES
[1] The first motion for leave to appeal was filed by F.M.C. This court originally denied the motion, but the Supreme Court, on motion to it, summarily remanded the matter to us for consideration of the appeal on the merits. See 96 N.J. 302 (1984). We thereafter granted leave to appeal on the plaintiffs' motions in Edison Mall and 115 Acres Venture and, by order entered on May 1, 1984, consolidated those two appeals. Thereafter and prior to oral argument, we consolidated the two Edison cases with F.M.C.
[2] It is not clear from the date stamp on the answer whether it was filed on August 18 or August 28. But for the reasons herein set forth, the exact filing date of the answer is of no moment.
[3] Despite the language of the statute, which appears to accord the taxing district the right to appeal from its own assessment only on discrimination grounds, it is well settled that it applies to district appeals based on the assertion that the assessment is "too low." See Jersey City v. Division of Tax Appeals, 5 N.J. Super. 375 (App.Div. 1949), aff'd o.b. 5 N.J. 433 (1950); Fair Lawn v. Blue Hill Associates, 3 N.J. Tax 55 (Tax Ct. 1981).
[4] We disagree with the perception of Curtiss-Wright that a taxing district's appeal from its assessment based on the assertion that it is too low is theoretically in the nature of a recoupment in response to the claim of a taxpayer that the assessment is too high. Cf. Beneficial Finance Co. of Atl. City v. Swaggerty, 86 N.J. 602 (1981).
[5] Because there are no operative facts here involved which would invoke the tolling theories expressed in White v. Violent Crimes Compensation Board, 76 N.J. 368 (1978), we do not here consider its availability as a tolling mechanism of the statutory time periods. Compare Horrobin v. Taxation Division Director, 172 N.J. Super. 173, 1 N.J. Tax 213 (Tax Ct. 1979) with Prospect Hill Apts. v. Flemington, 172 N.J. Super. 245, 1 N.J. Tax 224 (Tax Ct. 1979).
[6] N.J.S.A. 54:51A-6, adopted by L. 1983, c. 45, effective January 1983, replaced N.J.S.A. 54:2-40.4, then repealed, which was the original "Chapter 123" provision applicable to the Tax Court.
[7] In Rabstein the court noted that discovery rules would counteract the taxpayer's lack of notice. 187 N.J. Super. at 23-24. We are not persuaded that pretrial discovery would have such a counteracting effect since the potential of an increase over the original assessment would, under the Rabstein view, be a consequence attendant upon the initial taking of the appeal by the taxpayer.
[8] The Report shows that for tax year 1982 there were 2,474 local property tax appeals as against 2,322 small claims appeals.