252 N.J. Super. 401 (1991)
599 A.2d 1288
ROYAL BRADLEY ASSOCIATES, THOMAS AND DORIS NIEGLOS, JAMES AND THERESA HOLLYWOOD, AND ALICE L. GLOSGOLD, PLAINTIFFS-APPELLANTS,
v.
BRADLEY BEACH BOROUGH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 12, 1991.
Decided December 16, 1991.
*402 Before Judges J.H. COLEMAN, BILDER[1] and KEEFE.
Michael I. Schneck argued the cause for appellants (Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, attorneys; Michael I. Schneck of counsel, Michael I. Schneck and David L. Wecht on the brief).
Lawrence R. Jones argued the cause for respondent (Keith, Winters & Wenning, attorneys; Lawrence R. Jones on the letter brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
The issue raised in this appeal is whether the Tax Court has jurisdiction to hear the merits of an appeal when the petition to the county board of taxation was not filed within the time prescribed by statute. Plaintiffs appeal from a dismissal of their complaint by the Tax Court which found that it lacked jurisdiction to hear the merits because the appeal had not been filed with the Monmouth County Board of Taxation in a timely manner. We agree and affirm.
Plaintiffs were owners of individual condominium units within the Ocean Club condominium complex located in Bradley Beach. The property was converted from a multi-family residential apartment building to condominiums and a master deed was filed on October 19, 1987. On October 1, 1988, defendant's tax assessor mailed to each plaintiff a tax bill, which included *403 an added assessment. The tax bill informed plaintiffs that appeals from added assessments had to be filed by December 1, 1988.
On or about August 11, 1989, most of plaintiffs filed petitions with the Monmouth County Board of Taxation, which challenged the added assessment. Two other petitions were filed on August 15, 1989. On September 18, 19 and October 18, 1989, the Monmouth County Board of Taxation issued judgments dismissing the petitions because they were filed after the statutory filing date of December 1, 1988, for challenging added assessments.
Plaintiffs filed a complaint on November 27, 1989, in the Tax Court against defendant borough alleging that the added assessment was invalid and void ab initio. Plaintiffs sought judgment extinguishing the added assessment and a refund of all excess taxes paid, plus interest. Plaintiffs did not contend that they filed their petitions with the county board of taxation in a timely fashion.
On the return date on a motion for summary judgment, defendant argued that plaintiffs' complaint should be dismissed because the petitions to the board of taxation were out of time. Defendant maintained that N.J.S.A. 54:4-63.11 was a statute of limitations and thus plaintiffs' suit was time barred. That statute in pertinent part provides that "[a]ppeals from added assessments shall be made to the county board of taxation on or before December 1 of the year of the levy...." Judge Rimm granted summary judgment and dismissed the complaint because the complaint could not resurrect an appeal that was time barred. The judge concluded that the failure to file the petitions in a timely fashion, deprived the court of jurisdiction to hear the merits of issues raised in the complaint.
On this appeal, plaintiffs contend that "the Tax Court erroneously applied the added assessment statute of limitations to the case at bar." We reject this contention. We agree entirely with the Tax Court that "the right of appeal in tax *404 cases is purely statutory and ... all statutory requirements must be strictly complied with to invest the reviewing tribunal with subject matter jurisdiction." 18 Washington Place Assocs. v. Newark, 8 N.J. Tax 608, 614 (1986). To the same effect, see Newark v. Fischer, 3 N.J. 488, 493, 70 A.2d 733 (1950). Because the petitions to the county board of taxation were filed between eight and ten months after the December 1, 1988, statutory deadline, neither the county board of taxation nor the Tax Court had jurisdiction to hear the matter on the merits. See Am. Hydro Power Partners v. Clifton, 11 N.J. Tax 12, 21 (1990).
The judgment of the Tax Court is affirmed.
NOTES
[1] Counsel have consented to have Judge Bilder participate in the decision even though he did not hear oral argument.