HAMILL, J.T.C.
The following opinion is submitted pursuant to R. 2:5 — 1(b). It supplements a bench opinion of February 10, and reiterates a letter opinion of May 5. The opinion sets forth my findings and conclusions with respect to plaintiff Grandal Enterprises’ application for Freeze Act relief.
Plaintiff appeals my order of February 14,1995 denying as moot its Freeze Act application for Block 184, Lot 4 for the 1993 and 1994 tax years. After hearing argument on January 20, 1995 and February 10, 1995, I denied the application because the assessor had in fact entered the 1993 and 1994 assessments on Lot 4 at $2,993,000, the same figure that is reflected in a judgment of the Tax Court for the 1992 tax year. In my view, plaintiff has thus obtained the benefit of the Freeze Act, and there is nothing more that can be accomplished by way of a Freeze Act judgment.
A summary of the undisputed facts set forth in the parties’ respective certifications and by counsel during oral argument follows. I have accepted as true counsels’ factual assertions to the extent they appear to be based on personal knowledge and are not disputed.
In 1973 plaintiff purchased a 16.22 acre parcel in Keansburg Borough. In so doing it succeeded to a lease between the prior owner as landlord and the borough for 9.5 of the 16.22 acres. The *77 rent for the 9.5 acres was stated to be $1 per year and payment of the taxes. Rather than pay itself taxes, the borough maintains that it created a separate lot 4X on the tax duplicate covering the 9.5 acres and marked the lot exempt.[1] The borough did not advise plaintiff that an exempt lot 4X had been created. Plaintiff apparently was unaware of the terms of the lease and believed it was paying taxes on the entire 16.22 acre parcel despite the fact that the tax bills it received indicated that lot 4 contained only 6.72 acres.
In April, 1993 the borough advised plaintiff that the lease on the 9.5 acres would not be renewed. The borough further advised plaintiff that “[t]he property will be returned to the tax rolls and you will be receiving a pro-rated tax bill for the remainder of 1993 based on the current assessment of the property.” Consistent with its letter, the borough returned the “exempt” lot 4X to the tax rolls by issuing an omitted added assessment for 6 months of the 1993 tax year and an added assessment for the full 12 months of 1994. N.J.S.A. 54:4-63.26 to -63.30 (return of previously exempt property to assessment rolls); 18 Washington Place Assocs. v. Newark, 8 N.J.Tax 608, 612-13 (Tax 1986) (procedural provisions governing added assessments, not omitted assessments, govern return of exempt property to assessment rolls). The additional assessment attributable to lot 4X amounted to $190,000 for the full tax year. Plaintiff did not appeal these assessments, and, by the time plaintiffs Freeze Act application was filed, the *78 time to appeal the added assessments had expired. N.J.S.A. 54:4-63.11.[2]
Meanwhile, plaintiff had appealed the 1992 assessment on lot 4, and on June 22,1992, the Tax Court entered a judgment pursuant to settlement reducing the assessment on lot 4 to $2,993,000.[3]
On December 20,1994, plaintiff sought application of the Freeze Act, N.J.S.A 54:51A-8, to the 1992 settlement judgment. Plaintiff maintained that the 1992 tax appeal covered the entire 16.22 acres, that there is no separate lot 4X or, if there is, it was improperly-created by the borough, and that the added assessments for lot 4X are therefore improper.
The difficulty with all these arguments is that they could and should have been made in the context of an appeal of the added assessments and cannot be made as part of a Freeze Act application. A Freeze Act judgment pursuant to N.J.S.A 54:51A-8 simply freezes the base year assessed value of the property for the two successive tax years; it is not a determination of true value for the two successive years. Riverview Gardens v. North Arlington Borough, 9 N.J. 167,173, 87 A.2d 425 (1952). The facts that trigger an application for Freeze Act relief differ from those that trigger a valuation appeal. Clearview Gardens Assocs. v. Parsippany-Troy Hills Tp., 196 N.J.Super. 323, 330, 482 A.2d 523 (App.Div.1984). The Freeze Act is potentially triggered when a judgment determining assessed value for the base year is entered by the Tax Court. N.J.S.A 54:51A-8. When thus triggered, “application of the Freeze Act is mandatory and self-executing.” Clearview Gardens v. Parsippany-Troy Hills Tp., supra, 196 N.J.Super. at 328, 482 A.2d 523. There is no place in this “self-executing” procedure for determining the scope of the base year judgment, e.g., in this case, whether the 1992 judgment encompassed 16.22 or 6.72 acres and the existence of a separate tax lot. *79 All “the Freeze Act dictates [is a] two year respite from valuation litigation.” Id. at 330, 482 A.2d 523. See also Newark v. Fischer, 8 N.J. 191, 199-200, 84 A.2d 547 (1951).
In this case the borough complied with the dictates and underlying purpose of the Freeze Act. It entered the 1993 and 1994 assessments on lot 4 at the amount reflected in the 1992 judgment, and it has not sought to initiate “valuation litigation” with respect to lot 4 for the 1993 and 1994 tax years. Instead, it has raised an entirely different issue — the existence of a separate lot 4X that it insists was not covered by the 1992 judgment. The borough notified plaintiff of its position by way of its April, 1993 letter, an omitted added assessment for 1993, and an added assessment for 1994. If plaintiff believed there was no lot 4X or that the borough’s creation of lot 4X was improper, it had the opportunity to appeal the added assessments. N.J.S.A 54:4-63.29; N.J.S.A. 54:4-63.11. During oral argument plaintiff stated that the time to appeal the added assessments had expired and that in any event an appeal of those assessments would have been inconsistent with its position in its action for rent in the Law Division.
None of the above is meant to suggest any view as to whether there was, or was not, a separate lot 4X or, if there was, whether it was properly created by the borough.[4] The point is simply that plaintiff failed to follow the statutory procedure for challenging the existence of the additional lot and the borough’s method of creating it. Plaintiffs failure to timely appeal the added assessments deprives this court of jurisdiction to review them even if the assessments were completely improper. Royal Bradley Assocs. v. Bradley Beach Bor., 252 N.J.Super. 401 (App.Div.1991) (Tax Court lacked jurisdiction to review allegedly void added assessments where plaintiffs’ appeals to county tax board *80 were not timely filed). The borough’s actions cannot be challenged by way of an application for Freeze Act relief because the borough complied with the Freeze Act by entering the 1993 and 1994 assessments on lot 4, the lot that was the subject of the 1992 tax appeal, at the amount reflected in the 1992 Tax Court judgment.
Plaintiff argued that a refusal to grant it Freeze Act relief, and more particularly Freeze Act relief to the effect that there never was a separate lot 4X, would be inconsistent with the views of the Appellate Division that the 1992 Tax Court judgment covered the entire parcel. See Grandal Enterprises, Inc. v. Borough of Keansburg, No. A-1517-93T5, slip op. at 3 (App.Div. Jan. 9, 1995).
The Appellate Division there stated that the Tax Court settlement for the 1992 tax year did not refer to exempt property and settled the value of the entire parcel such that the parties no longer had a justiciable issue in the Tax Court.
I believe that the Appellate Division’s statement is dictum and thus not binding. The statement goes to whether the Law Division was correct in concluding that the issue of what transpired in the assessment of lot 4 could be decided in the Tax Court and simply points out that there is no pending action in the Tax Court in which the issue can be decided. The Appellate Division’s primary concern was to achieve an adequate development of the facts in order to determine whether the borough had complied with the terms of the lease. If, as plaintiff suggests, the court had held conclusively that there was only one tax lot, there would have been no need to remand the case to the Law Division to determine how the borough had gone about assessing the property. Moreover, the evidence before the court was conflicting as to whether there was a single lot 4 or both a lot 4 and a lot 4X. In light of the Appellate Division’s uncertainty as to what the borough had done in assessing the lot(s), it cannot have intended to bind the Tax Court to a conclusion that only one lot was involved. As the .Appellate Division’s statement appears to be dictum, I believe that I am not obliged to follow it. Serkin v. Ocean Tp., 201 N.J.Super. 392, 493 A.2d 531 (Law Div.1983), aff'd o.b., 201 N.J.Super. 409, *81 493 A.2d 540 (App.Div.), certif. denied, 101 N.J. 308, 501 A.2d 964 (1985).
Nor can the Appellate Division’s statement be viewed as the “law of the case” because this action for Freeze Act relief is a different case than plaintiffs rent action in the Law Division. Slowinski v. Valley Nat'l Bank, 264 N.J.Super. 172, 180-81, 624 A.2d 85 (App.Div.1993) (“law of the case” doctrine “is restricted to preventing relitigation of the same issue in the same suit.”) Moreover, the doctrine applies only where “the issue has been actually contested and decided.” Id. at 181-82, 624 A.2d 85. The issue of whether the 1992 Tax Court judgment covered the entire 16.22 acres could not have been contested in the Tax Court litigation because plaintiff did not realize at the time that the assessment on lot 4, in the borough’s view, included only 6.72 acres. As previously stated, the Appellate Division’s statement appears to have been dictum, made for the purpose of indicating that the issue of how lot 4X was assessed could not be decided in the Tax Court.
Finally, on the assumption that the Appellate Division’s opinion is unpublished and is not the “law of the case,” it is not binding on this court. R. 1:36-3.
Whether the 1992 Tax Court judgment settled the value of the entire parcel was sharply disputed in the action before me, and, as previously stated, I did not resolve that issue. All I concluded was that plaintiff failed to challenge the borough’s determination that there were two tax lots by appealing the added assessments and that plaintiff could not obtain the relief it sought by way of a Freeze Act judgment because it had already obtained the benefit of the Freeze Act as to lot 4, the lot that was the subject of the 1992 Tax Court judgment.

 Additional details concerning the lease may be found in an opinion of the Appellate Division captioned Grandal Enterprises, Inc. v. Borough of Keansburg, No. A-1517-93T5 (App.Div.January 9, 1995). The opinion was issued in plaintiff's action for rent against the borough. Plaintiff there claims that the borough owes it rent in the amount of the taxes plaintiff allegedly paid on the 9.5 acres. The borough maintains that it honored the lease by marking the 9.5 acres exempt. Pointing out that the borough’s motion for summary judgment was not based upon competent evidence and that the borough had failed to answer Grandal's interrogatories, the Appellate Division reversed and remanded the matter to the Law Division for discovery as to how the 9.5 acres had been assessed.

 There may be some dispute as to when the assessments were issued and received by plaintiff, but the dispute is not material because plaintiff concedes that the assessments were ultimately received and were not timely appealed.

 The judgment covered other contiguous lots as well, and prior tax years appear to have been settled at the same time.

 As the Appellate Division pointed out, the facts concerning lot 4X have not been fully developed. The tax map apparently shows only lot 4, and on the return dates of the Freeze Act motion defendant did not know what the property record cards contained. On the other hand, the tax duplicate plainly includes a lot 4 and a lot 4X, and the tax bills that plaintiff received for lot 4 indicated that the lot contained only 6.72 acres.