750 A.2d 152 (2000)
330 N.J. Super. 502
Gerald C. MACLEOD, Plaintiff-Respondent,
v.
CITY OF HOBOKEN, Hoboken Tax Assessor and Hoboken Tax Collector, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted April 5, 2000.
Decided May 5, 2000.
*153 Murray, Murray & Corrigan, for defendant-appellant (Linda Sabat, of counsel; Adam S. Herman, on the brief).
James L. Bosworth, Hoboken, for plaintiff-respondent (Cathleen Calligy, on the brief).
*154 Before Judges KING, CARCHMAN and LEFELT.
The opinion of the court was delivered by KING, P.J.A.D.

I
On April 30, 1999 plaintiff filed an action in lieu of prerogative writs in the Law Division challenging the added assessment on his condominium unit from $65,000 to $153,000. Defendants moved for summary judgment on June 17, 1999, arguing that procedural improprieties barred the claim. Plaintiff cross-moved for summary judgment on July 8, 1999 contending that the added assessment constituted an unconstitutional spot assessment.
On July 29, 1999 the Law Division judge granted plaintiff's summary judgment motion, reinstated the former assessment, and retroactively adjusted all tax bills from November 1988. The judge denied defendants' summary judgment motion. We reverse.

II
On July 1, 1998 plaintiff bought condominium unit 2R at 230 Park Avenue, Hoboken for $153,000. The unit was assessed for property tax purposes at $65,000. In October 1998, defendant sent plaintiff a notice of added assessment, effective for the second half of 1998 forward. The total new assessment was $153,000.
According to plaintiff, upon his inquiry, defendant assessor stated that the increase reflected the unit's purchase price. Hoboken tax assessor Sal Bonaccorsi certified plaintiff's assessment was not based solely on his purchase price but reflected an earlier partial assessment.
The Law Division judge acknowledged that plaintiff had not filed a tax appeal with the county board of taxation. Concluding, however, that "[d]efendant does not offer any basis for the tax increase levied upon plaintiff's unit," the judge granted summary judgment to plaintiff, finding the added assessment an unconstitutional spot assessment. The judge stated that because a prompt decision was required in the public interest and because spot assessments are clearly unconstitutional, plaintiff was not required to pursue an administrative remedy.
Defendants first contend that N.J.S.A. 54:4-63.11 and N.J.S.A. 54:3-21 provide that property tax assessments must be appealed to the county boards of taxation and the Tax Court. Thus, the Law Division judge lacked jurisdiction over plaintiff's claim. Plaintiff contends that these statutory tax appeal procedures do not apply to him because this is an appeal of an added assessment. He argues that to agree with the City's position would burden him forever with an unconstitutional spot assessment.
"The right to appeal a real property assessment is statutory, and the appellant is required to comply with all applicable statutory requirements." F.M.C. Stores Co. v. Borough of Morris Plains, 195 N.J.Super. 373, 381, 479 A.2d 435 (App.Div.1984), aff'd, 100 N.J. 418, 495 A.2d 1313 (1985). See also Hovbilt, Inc. v. Township of Howell, 138 N.J. 598, 603, 651 A.2d 77 (1994); City of Newark v. Fischer, 3 N.J. 488, 493, 70 A.2d 733 (1950). "N.J.S.A. 54:3-21 provides the process by which appeals of tax assessments are to be taken." In re Appeal of Tp. of Monroe From Determination of Local Finance Bd., 289 N.J.Super. 138, 145, 673 A.2d 279 (App.Div.1995), certif. denied, 144 N.J. 172, 675 A.2d 1121 (1996). The statutory scheme contemplates a prescribed chain of review for appeal of a tax assessor's actions through the county tax board and the court system, starting with the Tax Court. Ibid. The statute provides, in pertinent part:
A taxpayer feeling aggrieved by the assessed valuation of his property, or feeling that he is discriminated against by the assessed valuation of other property *155 in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, may on or before April 1 appeal to the county board of taxation by filing with it a petition of appeal.

[N.J.S.A. 54:3-21.]
Appeals for added assessments shall be filed with the county board of taxation by December 1 of the year in which they are levied. N.J.S.A. 54:4-63.11.
Plaintiff did not appeal the assessment either by December 1998 or April 1, 1999. Failure to meet statutory filing deadlines is a "fatal jurisdictional defect." F.M.C. Stores, 100 N.J. at 425, 495 A.2d 1313; Lamantia v. Howell Tp., 12 N.J. Tax 347, 351 (Tax 1992); St. Michael's Passionist Monastery v. City of Union City, 5 N.J. Tax 415, 418 (Tax 1983). The policy behind strict time limitations in tax appeals manifests the Legislature's objective to set out a well-organized time table which will allow municipalities to determine the value of their tax ratables and enable them to adopt a responsible and reasonably accurate budget. F.M.C. Stores, 100 N.J. at 425, 495 A.2d 1313. By the time plaintiff sought to attack the added assessment in April 1999, the county board of taxation no longer had jurisdiction. Lamantia, 12 N.J. Tax at 351.
Plaintiff's bypassing of the statutory tax appeal period suggests that he may have pursued this prerogative writs action to avoid the strictures of the limitations period applicable to tax appeals. But his prerogative writs action is also untimely. Unless falling within exceptions not here applicable, "[n]o action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right of review, hearing or relief claimed." R. 4:69-6. Because defendant's "right of action" accrued in October 1998 when he received notice of the added assessment, his prerogative writ action was also untimely.
Plaintiff urges that because the assessment was an impermissible "spot assessment," the additional assessment was not a valid "added assessment," and the statutory provisions for property tax appeals do not apply to him. We have previously concluded that a party challenging the validity of an added assessment must comply with the statutory appeals provisions. Royal Bradley Associates v. Bradley Beach Borough, 252 N.J.Super. 401, 403-04, 599 A.2d 1288 (App.Div.1991). The Royal Bradley plaintiffs owned several condominium units for which the tax assessor had imposed added assessments following the property's conversion from a multi-family rental apartment building to individual condominium units. Challenging the added assessments as "invalid and void ab initio," the plaintiffs contended that the statute of limitations applicable to the appeal of added assessments was not pertinent to them. Id. at 403, 599 A.2d 1288. We rejected their contention, emphasizing that subject matter jurisdiction depended on compliance with the statutory appeals procedure. Id. at 403-04, 599 A.2d 1288. Nor does Township of West Milford v. Van Decker, 120 N.J. 354, 576 A.2d 881 (1990), on which plaintiff's substantive spot zoning argument is based, suggest the propriety of the procedure that plaintiff advocates. To the contrary, the Van Deckers' challenge to their added assessment was initiated with an appeal to the county board of taxation. Id. at 359, 576 A.2d 881. See also Corrado v. Township of Montclair, 18 N.J. Tax 200, 202 (Tax 1999) (observing that "[t]he [plaintiffs'] 1997 appeals [of the alleged spot assessments] were timely filed at the county board and Tax Court.").
We are also mindful of the traditional doctrine of the exhaustion of administrative remedies. "Except where it is manifest that the interest of justice requires otherwise, actions under R. 4:69 [Actions in Lieu of Prerogative Writs] *156 shall not be maintainable as long as there is available a right of review before an administrative agency which has not been exhausted." R. 4:69-5. Our State's statutory scheme provides full administrative review of the property tax assessment of any aggrieved taxpayer. Pleasantville Taxpayers v. City of Pleasantville, 115 N.J.Super. 85, 88, 278 A.2d 229 (App.Div.), certif. denied, 59 N.J. 268, 281 A.2d 530 (1971). "Ordinarily the courts will not preempt the jurisdiction of county boards in the absence of countervailing circumstances demonstrating that the interest of justice requires otherwise." Ibid. Taxpayer challenges to allegedly discriminatory assessments do not fall within the exception. Ibid. In addition, the same policy applicable to limitations on tax appeals generally applies here: undue delay is prejudicial to the municipality, which relies on its tax ratables to establish its budget and conduct its business affairs. F.M.C. Stores, 100 N.J. at 425, 495 A.2d 1313. See also Mobil Admin. Serv. Co. v. Mansfield Tp., 15 N.J. Tax 583, 593-94 (Tax 1996), aff'd, 17 N.J. Tax 509 (App.Div.1997) (explaining that the statutory limitations period will not be extended when that policy would be thwarted).
Exceptions have been made for challenges to an assessor's overall procedures, as contrasted with the assessment of a particular parcel of real property. J.H. Becker, Inc. v. Township of Marlboro, 82 N.J.Super. 519, 526-27, 198 A.2d 463 (App.Div.1964). Even in cases addressing challenges to the fairness and uniformity of assessments throughout the municipality, an action in lieu of prerogative writ is appropriate only for an initial action to compel an assessor to exercise discretion and perform assessments, not to challenges of the valuations which the assessor established, no matter how inappropriate or inequitable the valuations appear to the taxpayer. Id. at 527-28, 198 A.2d 463.
Nor do constitutional implications, of themselves, justify waiving or, more candidly, ignoring the administrative remedy requirement. Paterson Redevelopment Agency v. Schulman, 78 N.J. 378, 387, 396 A.2d 573, cert. denied, 444 U.S. 900, 100 S.Ct. 210, 62 L. Ed.2d 136 (1979). A court may waive the requirement that a litigant first pursue administrative remedies based on a constitutional question only when there are no factual disputes or questions of the applicability of relevant statutory provisions. Id. at 387-88, 396 A.2d 573.
For example, the Supreme Court declined to require an exhaustion of administrative tax remedies in a case challenging, in part on constitutional grounds, apportionment of taxes for a regional school district among the constituent municipalities. Borough of Matawan v. Monmouth County Bd. of Taxation, 51 N.J. 291, 297, 240 A.2d 8 (1968). But when a trucking company's challenge to corporate franchise taxes was in part constitutional, the Court required exhaustion of administrative remedies, noting that, when a taxpayer asserts the unconstitutionality of a statute as applied, administrative officials are best suited to examine the nature of the tax and the relevant facts pertinent to the taxpayer's claim. Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 140, 179 A.2d 729 (1962). This is especially true when the nature of the dispute calls upon the county board's expertise in property valuation. City of East Orange v. Township of Livingston, 102 N.J.Super. 512, 520-21, 246 A.2d 178 (Law Div.1968), aff'd, 54 N.J. 96, 253 A.2d 546 (1969). Here, the parties dispute whether the added assessment was an unconstitutional spot assessment based solely on plaintiff's purchase price or whether it brought a previous partial assessment up to full value. The county board was best equipped to find and evaluate the relevant facts.
Reversed.